**VILLAGE SQUARE, LTD., and Mitchell Battros, Appellants,**

v.

**Jerry BARTON, Appellee.**

**No. 04-81-00374-CV.**

Court of Appeals of Texas, San Antonio.

Aug. 31, 1983.

Rehearing Denied Oct. 5, 1983.

P. Otis Hibler, San Antonio, for appellants.

A.J. Hohman, Jr., Hope, Henderson, Hohman & Georges, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

■ Village Square, Ltd., and Mitchell Battros, defendants, appeal by writ of error for review of a default judgment in favor of Jerry Barton, plaintiff. A motion to set aside the default judgment was not timely filed. In any event the rules of civil procedure do not require such a motion as a preliminary step to perfect this kind of appeal; the action may first be initiated in the court of appeals by way of writ of error. TEX.REV.CIV.STAT.ANN. art. 2255 (Vernon 1971) and art. 2249a (Vernon Supp.1982–1983); *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.1976). These defendants, being non-participants in the trial, may bring their direct appeal in this manner. Articles 2255; 2249a, *supra.*

■ On writ of error wherein the appellate court reviews for fundamental errors or legal errors in the judgment itself or in the trial leading to the judgment, the appellant is not required to excuse his failure to appear at the trial nor to show a meritorious defense. *Spears v. Brown,* 567 S.W.2d 544, 545 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *cf.* 4 R. McDONALD,

TEXAS CIVIL PRACTICE § 18.10.3 (1971).

The present defendants assign six points of error; however, we need only consider three of them in our disposition of the case. In points of error one and two defendants attack the sufficiency of the evidence to sustain the judgment, while they argue in the fourth point the pleadings, being defective, will not support the default judgment. We agree with the first two points and a portion of the fourth point.

The original petition discloses Barton, the lessee, sued the defendants, lessors, for violation of terms of a lease agreement apparently executed on July 28, 1980. Barton leased space in the defendants' shopping center in San Antonio for a period of 93 months beginning on July 1, 1980. At the time of suit Barton still continued in the premises and operated his business. The petitioner alleges, in part:

> Under the terms of the lease, defendants undertook to be responsible for certain maintenance of the premises, including the exterior of the building and roof and the . . . common area [including the parking lot adjoining the entrance]. However, due to the failure of defendants to properly maintain and/or correct water leakages from the roof and to properly maintain and/or correct large puddles of water which have been allowed to accumulate in the parking lot . . . defendants have breached said lease agreement.
>
> Said acts and conduct have further constituted a constructive eviction of plaintiff's premises and a substantial interference of plaintiff's peaceful enjoyment of the premises. All of the foregoing have caused the injuries and damages hereinafter set forth. . . .
>
> [Other allegations are that the defendants agreed they would not lease space in the shopping center to a competing business and that this representation was made 'at or about the time the lease agreement was entered into.' Further this was false, made as to a material fact, and made with the intent to induce Barton to enter into the lease agreement.

He alleged they breached this representation, and as a result of that breach and fraudulent action, injuries and damages were suffered. The conduct also constituted 'an interference with economic and business relations.']

Allegations under the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.41–17.63 (Vernon Supp.1982–1983), are that

> plaintiff is a consumer and in the course of this transaction, defendants engaged in false, misleading, and deceptive acts or practices in trade or commerce; further . . . the course of conduct is further in violation of sections 17.46 and 17.50 of the Texas Business and Commerce Code, in that defendants have failed to comply with express and/or implied warranties, and have been guilty of unconscionable actions or courses of action and plaintiff is thereby entitled to relief, in addition to their actual damages, treble damages and reasonable attorneys' fees, . . .

It is also alleged that defendants' actions were willful and malicious, thus exemplary damages would be proper. These damages are "as a proximate result of the acts and conduct of defendants":

1. Loss of profits of business past and future, including injury to good will and business reputation.

2. Loss of the value of the business.

3. Roofing and flooring repairs from water leakage.

4. Loss of use and inconvenience.

5. Mental distress and anguish, past and future.

Barton, in addition, alleges that certain exculpatory and waiver provisions in the lease favoring the defendants are contrary to public policy, void, and unenforceable. He states he was in an "unequal bargaining position" when he agreed to these provisions. He asked that he be awarded judgment against defendants jointly and severally, for both actual and exemplary damages in the sum of at least $325,000.00, for legal interest and costs, and attorney's fees.

This suit was filed on July 7, 1981. Testimony from Barton, at the default judgment hearing shows he operated the business at the same location when the lease agreement was made, and that he continued to operate the business at that location at the time of the trial. The default judgment, signed on September 11, 1981, provided for actual damages in the sum of $300,000.00 and damages under the Deceptive Trade Practices Act in the sum of $150,000.00, and attorney's fees.

■ The reviewing court will consider TEX.R.CIV.P.ANN. 45, 47 (Vernon 1979) and 90 (Vernon Supp.1982–1983) together to test the sufficiency of the pleadings in a default judgment case. The plaintiff's petition must state an ascertainable cause of action and the relief sought if a default judgment based upon it is to withstand a direct appeal. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979); *C & H Transportation Co. v. Wright,* 396 S.W.2d 443, 446 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). A defendant is entitled to fair notice of the claims against him. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 234 (1958).

Although the present petition states a copy of the lease agreement is attached, it was not attached. *See Fairdale Ltd. v. Sellers,* 651 S.W.2d 725 (Tex.1982). While many of the allegations contained in the instant petition are unquestionably conclusory and do not allege facts to support these conclusions, we cannot say they do not provide "fair notice" to the defendants. *Stoner v. Thompson, supra;* 4 R. McDONALD TEXAS CIVIL PRACTICE § 17.23.3 at 120 (1971). Certainly these general allegations should fall before special exceptions. Without doubt, the evidence fails to reflect that the lease agreement was produced for the trial court's examination.

■ The allegations we do find clearly wanting, however, are those which rest upon the Deceptive Trade Practices Act: the award of $150,000.00 was based upon these allegations. The pleadings do not in any way designate or state with particularity which acts or events were relied upon as a basis for liability under the Texas Deceptive Trade Practices Act. *See Johnson v. Willis,* 596 S.W.2d 256, 260 (Tex.Civ.App.— Waco 1980, writ ref'd n.r.e.). The lease agreement with its express warranties is not attached to the petition. Nor are there pleadings to show that any act or acts of the defendants were a producing cause of an injury to Barton. We hold the petition in this regard failed to give fair notice to the defendants of the claim asserted under the Deceptive Trade Practices Act. *Stoner v. Thompson, supra;* Rule 90, *supra.* Point of error four, as to these pleadings, is sustained.

Defendants contend there is no evidence to sustain the award of unliquidated damages. We have previously held the pleadings of the petition do not support the judgment in regard to deceptive trade practices. Thus, the award of $150,000.00 based upon those allegations is perforce set aside.

■ We now address the award of actual damages in the sum of $300,000.00 based upon the portion of the petition providing "fair notice." It is established a default judgment operates as an admission of the material facts alleged in plaintiff's petition, except as to unliquidated damages. *Mo-Vac Service, Inc. v. Marine Contractors & Supply, Inc.,* 586 S.W.2d 573, 575 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Ordinarily pleadings are not evidence, but no evidence is necessary to support a default judgment because the defendant's failure to answer is taken as admitting the allegations of the petition. Proof is required only with respect to damages that are unliquidated or are not proved by an instrument in writing. TEX.R.CIV. P.ANN. 243 (Vernon 1976). *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 513 (Tex.Civ. App.—Dallas 1977, no writ).

■ Having found the allegations of the petition do state a cause of action (other than deceptive trade practices) as required by Rule 243, we now examine the proof to determine its sufficiency to support the award of actual damages:

Attorney Q: I'll ask you to state at this time if it's true that as a result of the conduct of the Defendants herein, that you suffered a loss of profits of your business in the sum of at least two hundred and twenty five thousand dollars?

Barton A: Yes, I have.

Attorney Q: I'll ask you to state whether or not it is also true you suffered a loss of the value of your business in the sum of at least eighty thousand dollars?

Barton A: Yes, I have.

Attorney Q: ... you have had to incur roofing repairs to repair the roof in the sum of at least three hundred ten dollars?

Barton A: Yes, I have.

Attorney Q: And that you have had to have flooring repair performed in the sum of at least one hundred and five dollars?

Barton A: Yes, I did.

Attorney Q: ... as a result of the misconduct of the Defendants herein, ... you have suffered a loss of use of your premises and tremendous inconvenience ...?

Barton A: Yes, I did.

\* \* \* \* \* \*

The statements by the attorney and the concurrences by Barton regarding loss of profits were not based upon fact, figures or date of any kind from which profits could be ascertained with a reasonable degree of certainty and exactness. *See Van Sickle v. Clark,* 510 S.W.2d 664, 669 (Tex.Civ.App.— Fort Worth 1974, no writ). A pertinent discussion regarding the awarding of damages based on loss of profits is found in *Pederson v. Dillon,* 623 S.W.2d 696, 698 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ) which refers to *Birge v. Toppers Mens Wear, Inc.,* 473 S.W.2d 79, 85 (Tex.Civ.App. —Dallas 1971, writ ref'd n.r.e.). We hold that in the case of lost profits, whether they be past or present, to warrant their recovery the proof must be founded on facts and the profits must be capable of being ascertained to a reasonable certainty. In the instant case the subject lost profits seem to be those incurred prior to the damages hearing, although the word "suffered" as used in the question might refer to foreseeable lost profits. We hold an insufficient basis was shown for awarding damages for lost profits, past or future.

Without facts, figures, and data upon which to base the valuation of the business, the difference between the figures and data of the "going business" and the present one, the comparison of numbers of customers when the business was successful and the present numbers, with economic conditions considered as a factor, it would be impossible to ascertain any loss in the value of the business. The value of a business is, at best, a nebulous matter. To set any amount as damages without more than the statement of facts displays here would be speculative, for no measure of damages is shown. We hold an insufficient basis was shown for awarding damages for loss of value of the business. Points of error one and two are sustained.

We reverse and render the cause of action based on the Deceptive Trade Practices Act ($150,000.00 damages and attorney's fees). We affirm the portion of the trial court's judgment relating to liability, eliminating, however, all that portion of the judgment pertaining to the Deceptive Trade Practices Act, including attorney's fees under § 17.50, and reverse and remand for a new trial that portion of the judgment relating to actual damages. Rules 434 (Vernon Supp.1982–1983) and 243 (Vernon 1976).

Costs are taxed one-half against Barton and one-half against the defendants.