Opinion issued April 10, 2003









     

In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00295-CV




CUONG VE HUYNH, Appellant

V.

ANH HUY VO, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2001-25836




MEMORANDUM OPINION
          This is a restricted appeal from a default judgment rendered for appellee, Anh
Huy Vo, in his suit for trespass, conversion, and slander of title.


 Appellant, Cuong
Ve Huynh, challenges the legal and factual sufficiency of the evidence to support the
judgment and presents five issues for our review: (1) whether the record
affirmatively shows strict compliance with the rules governing issuance, service, and
return of citation; (2) whether Vo’s pleadings support his theories of recovery; (3)
whether permanent injunctive relief may be granted in a default judgment; (4)
whether Vo was entitled to recover attorney’s fees; and (5) whether Vo’s pleadings
and evidence support the award of lost profits and loss of credit. We reform and
remand in part and affirm in part.
Background
          Vo and Huynh own adjacent property on Jensen Road. In May 2001, Vo sued
Huynh for conversion, trespass, and slander of title. In his petition, Vo alleged that
Huynh had built a fence and installed grease traps, gas lines, and drainage pipes on
Vo’s property. Huynh was served at the end of May, but did not file an answer. In
July, Vo moved for default judgment.
          Vo obtained an interlocutory default judgment only as to liability in August
2001. At a hearing on damages in October 2001, Vo testified that, because of
Huynh’s encroachments on his property, he had been unable to obtain a loan to build
a shopping center on his land or to enter into lease agreements with prospective
tenants. He had previously filed an affidavit in which he contended his unliquidated
damages totaled $25,000—the value of eight months’ rent he had been forced to
forego as a result of the delay in obtaining a construction loan. Vo’s attorney testified
he had spent 17 hours preparing the case at a fee of $200 per hour. Although the trial
court judge inquired as to the basis for attorney’s fees, he did not wait for counsel to
provide an answer; instead, he immediately rendered a final default judgment
awarding Vo $25,000 in damages and $3,400 in attorney’s fees. The trial court also
ordered Huynh to remove all of the encroachments from Vo’s property within 60 days
of the date of the judgment. In March 2002, Huynh timely perfected this restricted
appeal. 
Scope of Review
          A restricted appeal may be used to challenge error apparent from the face of the
record. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997); see also Herbert v. Greater Gulf Coast Enters., Inc., 915 S.W.2d 866, 870
(Tex. App.—Houston [1st Dist.] 1995, no writ). In determining whether error
appears on the face of the record, an appellate court may consider the entire record,
including the reporter’s record. See Herbert, 915 S.W.2d at 870. 
          The scope of appellate review in a restricted appeal may appropriately
encompass a review of the legal and factual sufficiency of the evidence when it can
be assessed from the face of the record. See id. A party may also challenge the
sufficiency of the evidence to support unliquidated damages. Village Square, Ltd. v.
Barton, 660 S.W.2d 556, 559 (Tex. App.—San Antonio 1983, writ ref’d n.r.e). 
Ordinarily, pleadings are not evidence, but no evidence is necessary to support a
default judgment because the defendant's failure to answer is taken as admitting the
allegations of the petition. Id. Indeed, it is well established that a default judgment
operates as an admission of the material facts alleged in plaintiff’s petition, except as
to unliquidated damages. Stoner v. Thompson, 578 S.W.2d 679, 684-85 (Tex. 1979);
Herbert, 915 S.W.2d at 872; Village Square, 660 S.W.2d at 559. Proof is required
with respect to damages that are unliquidated or are not proved by an instrument in
writing. Tex. R. Civ. P. 243; Henry S. Miller Co. v. Hamilton, 813 S.W.2d 631, 634
(Tex. App.—Houston [1st Dist.] 1991, no writ).
Issuance, Service, and Return of Citation
          In his first issue, Huynh contends the record does not affirmatively show strict
compliance with the rules governing issuance, service, and return of citation because
the citation was directed to Cuong Ve Hyunh when his name is correctly spelled
Cuong Ve Huynh. Thus, he argues the default judgment is void. Huynh cites
numerous cases that he contends stand for the proposition that an incorrect name
renders service of process ineffective.


 
          A default judgment is void unless the record shows strict compliance with the
rules governing issuance, service, and return of citation. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994). There are no presumptions in favor of valid
issuance, service, or return of citation. Id. While it is true that even minor variations
in a name may render service of process ineffective, the authority upon which Huynh
relies is inapplicable here. As this Court noted in P & H Transp., Inc. v. Robinson,
930 S.W.2d 857, 859 (Tex. App.—Houston [1st Dist.] 1996, no writ), “[e]ach case
in which a court held citation was fatally defective based on the name of the
defendant involved a variance in the name from one court document to another, e.g.,
the petition shows one name and the service shows another.” Such a variance results
in a misidentification of a defendant. See, e.g., Thomas v. Cactus Drilling Corp., 405
S.W.2d 214, 216 (Tex. Civ. App.—Austin 1966, no writ). 
          Here, the name on the petition and the name on the citation are the same, albeit
not spelled correctly. When a correct defendant is served under a wrong or
misspelled name, the case is not one of misidentification, but rather misnomer. 
Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990); Mantis v. Resz, 5 S.W.3d
388, 391 (Tex. App.—Fort Worth 1999, pet. denied), overruled on other grounds by
Sheldon Emergency Med. Consultants, I, P.A., 43 S.W.3d 701 (Tex. App.—Fort
Worth 2001, no pet.); Hayley v. Young, 541 S.W.2d 217, 219 (Tex. Civ.
App.—Houston [1st Dist.] 1976, no writ). Therefore, the rule of idem sonans


 
applies. Misnomer of a defendant does not render a default judgment based on
personal service void, provided that the intention to sue the defendant actually served
with citation is so evident from the pleadings and process that the defendant could not
have been misled. Orange Grove Indep. Sch. Dist. v. Rivera, 679 S.W.2d 482, 483
(Tex. 1984); Mantis, 5 S.W.3d at 391; Dezso v. Harwood, 926 S.W.2d 371, 374 (Tex.
App.—Austin 1996, no writ); Cockrell v. Estevez, 737 S.W.2d 138, 140 (Tex.
App.—San Antonio 1987, no writ). 
          Huynh has presented no evidence or argument that he was misled by the
misspelling. The citation contains no other errors—the cause number is correct, the
plaintiff is correctly identified, and Huynh was personally served by a sheriff’s deputy
at the address Vo provided. Therefore, we hold service of process was valid.
          We overrule Huynh’s first issue.
Theories of Recovery
          In his second issue, Huynh argues that Vo’s pleadings and evidence do not
support any of his theories of recovery. Unless a plaintiff alleges sufficient facts to
support the elements of his claims, the evidence is legally and factually insufficient
to support a default judgment. Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731
(Tex. 1984).
          Standard of Review
          We may review challenges to the legal and factual sufficiency of the evidence
in a restricted appeal. See Herbert, 915 S.W.2d at 870. We will sustain a legal
sufficiency challenge only if, considering the evidence and inferences in the light
most favorable to the finding, there is not more than a scintilla of evidence supporting
it. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). More than
a scintilla of evidence exists where the evidence supporting the finding, as a whole,
rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Id. at 499; Eberle v. Adams, 73 S.W.3d 322, 327 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).
          We will sustain a factual sufficiency challenge only if, after viewing all the
evidence, the evidence is so weak or the verdict so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986); Eberle, 73 S.W.3d at 327. 
          Slander of Title
          To recover in an action for slander of title, a plaintiff must prove (1) the
uttering or publishing of disparaging words; (2) that were false; (3) that were
maliciously made; and (4) that resulted in the loss of a specific sale. A.H. Belo Corp.
v. Sanders, 632 S.W.2d 145, 146 (Tex. 1982); Williams v. Jennings, 755 S.W.2d 874,
879 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). 
          The record shows that Vo’s pleadings do not allege either disparaging words
or the loss of a specific sale. Accordingly, his claim for slander of title cannot
succeed as a matter of law and the trial court erred in rendering judgment on this
claim. We sustain Huynh’s second issue in regard to the cause of action for slander
of title.
          Conversion
          Conversion is an act of dominion and control wrongfully exerted over
another’s personal property and inconsistent with that person’s right in the property. 
Pierson v. GFH Fin. Servs. Corp., 829 S.W.2d 311, 314 (Tex. App.—Austin 1992,
no writ). Real property cannot be converted. Id.; Lighthouse Church of Cloverleaf
v. Texas Bank, 889 S.W.2d 595, 599 n.4 (Tex. App.—Houston [14th Dist.] 1994, writ
denied). Accordingly, the trial court erred in rendering default judgment on Vo’s
claim for conversion and we sustain Huynh’s second issue in regard to Vo’s cause of
action for conversion.
          Trespass
          Every unauthorized entry onto another’s land is a trespass, regardless of the
nature or extent of any damage to the land. See Marcus Cable Assocs., L.P. v. Krohn,
90 S.W.3d 697, 703 (Tex. 2002). Huynh contends Vo’s pleadings do not support
damages for trespass because he did not allege or prove injury. The record does not
support this contention. In his petition, Vo alleged that Huynh built a fence and
installed grease traps, gas lines, and drainage pipes on Vo’s property. A default
judgment operates as an admission of the material facts alleged in the plaintiff’s
petition. Stoner, 578 S.W.2d at 684-85. Accordingly, the record supports the trial
court’s judgment that Huynh trespassed on Vo’s property. 
          The trial court did not err in rendering default judgment on this issue; therefore,
we overrule Huynh’s second issue in regard to Vo’s cause of action for trespass.
Injunctive Relief
          The trial court ordered Huynh to remove the fence, grease traps, gas lines, and
drainage lines from Vo’s property within 60 days from the date of the judgment. In
his third issue, Huynh states flatly that “a permanent injunction may not be granted
by default.” This is not a correct statement of the law. Huynh relies on three cases
he contends support this proposition: Alamo Motor Lines, Inc. v. Int’l Bhd. of
Teamsters, 229 S.W.2d 112, 116 (Tex. Civ. App.—San Antonio 1950, no writ), State
v. Gibson’s Distrib. Co., 436 S.W.2d 122, 123-24 (Tex. 1986), and Citizen’s State
Bank v. Caney Invs., 746 S.W.2d 477, 478-79 (Tex. 1988). None of these cases
involve either permanent injunctions or default judgments, much less suggest in dicta
or actually hold that a permanent injunction may not be rendered in a default
judgment. To the contrary, such injunctions are routinely upheld. See Siddiqui v.
West Bellfort Prop. Owners Ass’n, 819 S.W.2d 657, 658-59 (Tex. App.—El Paso
1991, no writ) (noting that, because permanent injunction granted in default judgment
was not “relief by way of unliquidated damages,” challenge via writ of error
overruled); Matador Pipelines, Inc. v. Watson, 626 S.W.2d 139, 141 (Tex.
App.—Waco 1982, writ ref’d n.r.e.) (holding permanent injunction rendered in
default judgment proper because appellant was trespassing on appellee’s property);
Thacker v. State, 852 S.W.2d 77, 79-81 (Tex. App.—Austin 1993, writ denied)
(upholding permanent injunction granted by default).
          We hold the trial court did not err in permanently enjoining Huynh from
trespassing on Vo’s property.
          We overrule Huynh’s third issue.
Attorney’s Fees
          In his fourth issue, Huynh contends the trial court erred in awarding attorney’s
fees because there is no statute or contract permitting Vo to recover attorney’s fees
for the causes of action alleged. To recover attorney’s fees, a party must prove
entitlement by contract or statute. Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95
(Tex. 1999). Because recovery of attorney's fees is adverse to the common law and
is penal in nature, statutes providing for such recovery must be strictly construed. See
New Amsterdam Cas. Co. v. Texas Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967).           Because we have held that Vo was not entitled to default judgment on his
claims for conversion and slander of title, the issue of attorney’s fees for these causes
of action is moot. In addition, Huynh is correct in noting that there is no statute that
authorizes recovery of attorney’s fees in a suit for trespass and that Vo cannot recover
such fees. See Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture, 50 S.W.3d 531,
550-51 (Tex. App.—El Paso 2001, no writ); Pargas, Inc. v. Jones, 573 S.W.2d 571,
574 (Tex. App.—Texarkana 1978, no writ). It has also been held that it is error to
award attorney’s fees under the Declaratory Judgment Act when the action is
essentially one of trespass to try title. Kennesaw Life & Accident Ins. Co. v. Goss,
694 S.W.2d 115, 118 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).
          We hold that Vo was not entitled to recover attorney’s fees on any of his causes
of action, and that the trial court erred in awarding them.
          We sustain Huynh’s fourth issue.
 

Damages
          In his fifth issue, Huynh challenges the award of $25,000 in damages. Once
a default judgment is taken against a non-answering defendant on an unliquidated
claim, all allegations of fact set forth in the petition are deemed admitted, except for
the amount of damages. Texas Commerce Bank, Nat. Ass’n v. New, 3 S.W.3d 515,
516 (Tex. 1999). A party may recover actual damages for trespass, customarily
measured by the cost of restoring the land to its former condition. Moore v. Rotello,
719 S.W.2d 372, 378 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.). In
his petition, under section “H. Damages,” Vo sought “monetary relief”; in his prayer,
he asked for damages “within the jurisdictional limits of this court.” 
          Huynh does not attack the propriety of the award based on the tort of trespass. 
Instead, he first contends that Vo did not plead special damages for lost profits and
loss of credit, thus he is not entitled to recover them; second, he cites authority to
support his contention that, even if these special damages had been properly pleaded,
Vo cannot satisfy the elements necessary to recover such damages and is thus not
entitled to them. We consider this a straw-man argument. The question here is not
whether Vo is entitled to lost profits or loss of credit damages. Rather, it is whether
he presented sufficient evidence of trespass and injury to support unliquidated
damages of $25,000.
          In an affidavit attached to his petition, Vo contended he was entitled to $25,000
for “damages to and use of” his property because Huynh had built a fence and
installed grease traps, gas lines, and drainage lines on the property. At the hearing,
Vo testified that he was seeking damages because of the delay in constructing retail
space and renting it to tenants. To recover unliquidated damages, a party must do
more than simply state the total amount of damages sustained. See Village Square,
660 S.W.2d at 559-60. In Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84
(Tex. 1992), the Supreme Court reviewed evidence from an affidavit and testimony
that is very similar to the evidence before us. The court concluded that the evidence
was legally insufficient because it did not provide any indication of how the amount
of damages was determined. Id. at 84-86. Here, Vo did not establish (1) the value
of the land before the trespass, (2) the diminution in value because of the trespass, or
(3) the cost to remove the encroachments. Nor did Vo provide any indication of how
he calculated the amount of damages he sustained. Accordingly, we hold that this
was less than a scintilla of evidence as to damages, and we conclude that the damage
award was clearly wrong. We sustain Huynh’s fifth issue.
          If a no-evidence point is sustained as to unliquidated damages resulting from
an uncontested, no-answer default judgment, the appropriate disposition is remand
for a new trial on the issue of unliquidated damages. See Holt Atherton, 835 S.W.2d
at 86.
 

Conclusion
          We affirm the default judgment for trespass. 
          We further affirm the permanent injunction ordering Huynh to remove his
encroachments from Vo’s property. 
          We vacate the trial court’s award of damages and attorney’s fees and remand
the cause for a new trial on the issue of unliquidated damages for trespass.



                                                             /s/ Evelyn V. Keyes
                                                             Justice


Panel consists of Justices Taft, Keyes, and Higley.