NUMBER 13-02-391-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG




KEITH HAHN,                                                                               Appellant,

v.

WHITING PETROLEUM
CORPORATION, RK PETROLEUM                                                              
CORPORATION, AND TREMONT 
ENERGY, LLC,                                                                             Appellees.




On appeal from the 135th District Court
of Victoria County, Texas.




DISSENTING OPINION
Before Justices Yañez, Castillo, and Garza
Dissenting Opinion by Justice Castillo

          I respectfully dissent. I write separately to explain the reasons I would affirm the
default judgment.
I. RELEVANT FACTS
          Appellant Keith Hahn appeals from a default judgment holding him jointly and
severally liable for damages and attorney fees. The underlying suit asserted several
causes of action, alleging generally that Hahn and two companies misappropriated
proceeds of mineral production under joint operating agreements. The trial court denied
Hahn’s motion for new trial, and this appeal ensued. 
A. The Original Petition
          On March 13, 2002, appellees Whiting Petroleum Corp., RK Petroleum Corp., and
Tremont Energy, L.L.C. (collectively "appellees") sued Hahn, Core Exploration &
Production Corp., and Del Rio Energy, L.L.C . In their petition, appellees requested service
of citation on Core by serving "its President" Hahn, and on Del Rio by serving "its
representative," also Hahn. The address for service indicated "4408 Lilac Lane, Victoria,
Texas."


 Appellees alleged Hahn was the owner of Core and Del Rio. 
          Appellees alleged they had entered into four separate joint operating agreements
(“JOAs”) with Core, involving four oil and gas wells.


 Under the agreements, Core allegedly
arranged with the purchasers of production to have 100% of the production proceeds sent
to Core. According to the petition, Core then became responsible to the owners, including
appellees, for the production proceeds and distribution of the revenue to them. According
to appellees, when Core undertook responsibility for the care and control over appellees'
revenues, Core's duties to the appellees were elevated to those of a fiduciary in law and
in fact under the joint operating agreements. Over time, Core allegedly delayed payment
of the revenues from the wells. Beginning in May 2001, Core allegedly ceased paying the
revenues altogether and had not paid up to the date the lawsuit was filed. The petition also
alleges that Core and Del Rio, through Hahn, conspired to deprive appellees of their
working interest, royalty interests in the wells, and revenues from the wells. 
          Appellees sought joint and several liability and damages for: (1) breach of contract;
(2) civil conspiracy; (3) statutory relief under section 91.401 of the Texas Natural
Resources Code for non-payment of royalties on oil and gas produced from wells, and
interest; (4) breach of express warranty; (5) negligence; (6) breach of fiduciary duty; (7) 
fraud; and (8) constructive fraud. Appellees also sought an accounting and attorney fees,
and sought liability under the single business enterprise theory, alleging that the Core and
Del Rio corporations comprised a single business enterprise.
B. Motion for Default Judgment
1. Damages
          On April 17, 2002, appellees filed a motion seeking a default judgment and two filed
affidavits in support of the claim for attorney fees and damages. The affidavit of John R.
Hazlett, the Vice President of Land for Whiting, based on personal knowledge, recites
several paragraphs contained in appellees' original petition, stating that Core operated the
wells which were the basis of the four joint operating agreements. Further, the affidavit
provides:
5. As operator of all the above wells Core arranged with the purchasers of
production to have 100% of all proceeds of production paid to Core. Core
then was responsible to the owners of such production proceeds to distribute
their revenue to them. The owners include these Plaintiffs, other working
interest owners in the wells, overriding royalty interest owners, if any, and
royalty owners. Core also was responsible for payment of severance and ad
valorem taxes on the production revenues and the leasehold estates,
respectively.
 
6. Beginning in May 2001 and continuing until January 1, 2002, Core ceased
paying to the Plaintiffs and all other owners, except to Core and its related
corporate entity and co-Defendant, Del Rio Energy, L.L.C. ("Del Rio"), their
respective production revenues pursuant to the Operating Agreements
governing said wells, as well as corresponding severance and ad valorem
taxes, in such sums as shown on Exhibit "A", and has not made any
payments up to the time of the date of this affidavit. 
 
7. To the best of my knowledge and belief, Keith Hahn is the owner of Core
and Del Rio.
 
8. Whiting is now the operator of the above leases and wells and as such
is responsible for collection and payment of all royalty interests, ad valorem
taxes and severance taxes not paid by Defendants. 
 
9. After allowing any and all credits and offsets, the Defendants owe the
following amounts to the respective Plaintiffs:
 
WHITING PETROLEUM CORP - $1,468,443.00, inclusive of unpaid royalty
interests and unpaid severance and ad valorem taxes;
RK PETROLEUM CORP - $59,799.00;
TREMONT ENERGY, L.L.C. - $17,872.00
 
10. The Defendants' conduct as described in our Original Petition was the
proximate cause of the . . . damage amounts as to the Plaintiffs.
 
FURTHER, AFFIANT SAYETH NAUGHT.
SIGNED this 17th day of April 2002. 
                                                      /s/ John R. Hazlett 
 
"Exhibit A" attached to the affidavit is a spreadsheet that states, "Core E and P Corporation
Summary of Unpaid Items . . . As of April 16, 2002 . . . Prepared by T. Ohl." It includes
columns with the names of the four wells, 100% revenues, each of appellees' percentage
royalty interests, net revenues, 100% severance tax, 100% ad valorem tax and the total
amount due. 
 
2. Attorney Fees
          The affidavit of counsel based the attorney fee amount on a review of the attorney
fee records in his possession.
C. Default Judgment
          The trial court granted a default judgment on April 17, 2002, in favor of appellees
and against Hahn, Core, and Del Rio, jointly and severally, in the exact amounts set forth
in Hazlett's affidavit. No live testimony was taken on the issue of damages at that time,
according to the affidavit of the court reporter which was later presented with Hahn and Del
Rio’s motion for new trial. The trial court granted attorney fees in the exact amount
contained in counsel's affidavit.


 
D. Motion for New Trial
          Core did not file a motion for new trial. Hahn and Del Rio filed a joint motion for new
trial. Grounds set forth in the motion for new trial included that the parties had satisfied the
requirements of Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939). Hahn and
Del Rio alleged that the petition failed to articulate a claim against Hahn that supported the
default judgment. The motion for new trial also urged that there was no evidence that: (1)
plaintiffs and defendants were parties to a joint operating agreement; (2) defendants were
in violation of the joint operating agreements; (3) Core and Del Rio operated as a single
business; (4) defendants had conspired to deprive plaintiffs of revenues; (5) supported the
damages award; (6) any causal nexus existed between the event sued on and the
damages; and (7) appellees were billed 120 hours at the rate of $250.00, or that the
attorney fee award was reasonable. Finally, appellees alleged that the affidavit tendered
in support of the default judgment was conclusory, and thus not evidence, and the absence
of a court reporter’s record of a hearing on a default judgment awarding unliquidated
damages mandated a new trial.
          After a hearing on the motion for new trial on June 14, 2002, the trial court denied
the motion. This appeal ensued. 
II. ISSUES PRESENTED
          Hahn presents the following issues on appeal: (1) whether the trial court's judgment
is final, and if so, upon which theories; (2) if judgment is based on the contract theory, what
is the appropriate measure of damages; (3) if the judgment is based on constructive fraud
and fiduciary duty theories of recovery, what is the appropriate measure of damages; (4)
whether the appropriate theory of damages was pled; (5) whether legally sufficient
evidence exists to prove the correct theory of damages; (6) whether the judgment
conformed to the pleadings; (7) whether the trial court abused its discretion by failing to
grant Hahn a new trial on equitable grounds; (8) whether the absence of a reporter’s record
mandates a new trial; and (9) whether the attorney fee award is necessary or reasonable.
III. JURISDICTION
          Hahn’s first issue addresses and concludes that the default judgment is a final
judgment. I agree. An appeal may be taken only from a final judgment. Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); First Nat’l Bank v. De Villagomez, 54
S.W.3d 345, 347-48 (Tex. App.–Corpus Christi 2001, pet. denied). I note that Core did not
file a motion for new trial or a notice of appeal. Although Del Rio filed a motion for new
trial, it did not file a notice of appeal. With respect to appellees’ first issue, the default
judgment is, thus, final and not appealable as to Core and Del Rio. This Court has
jurisdiction only as it relates to Hahn.
IV. WAIVER 
          A motion for new trial is one of five ways to preserve error for no evidence
challenges. Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991). To preserve error, the
motion must be sufficient to call the trial court’s attention to the matter at issue. Tex. R.
App. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999) (per
curiam). Additionally, the issue on appeal must correspond to the motion made at trial. 
See In the Matter of T.R.S., 931 S.W.2d 756, 758 (Tex. App.–Waco 1996, no writ). In
other words, a motion which states one legal theory cannot be used to support a different
legal theory on appeal. Id. 
          Hahn’s motion for new trial alleged there was no evidence to support the attorney
fee allegations that appellees were billed 120 hours at the rate of $250.00. In his ninth
issue, he asserts the attorney fee award was not necessary or reasonable. Because the
issue on appeal as to attorney fees does not correspond to the motion made to the trial
court, Hahn has waived error. I would overrule his ninth issue.
          Similarly, Hahn has waived error as to several additional issues raised in his appeal
because he failed to make those complaints to the trial court. See Tex. R. App. P.
33.1(a)(1). I would overrule Hahn’s second, third, and fourth issues.



 
V. SUFFICIENCY OF THE PETITION TO
SUPPORT A DEFAULT JUDGMENT

          In his sixth issue, Hahn contends that the judgment did not conform to the
pleadings. A default judgment proceeding can occur where no answer has been filed. 
Tex. R. Civ. P. 239. Failure to file an answer operates as an admission of the material facts
alleged in that petition, except as to unliquidated damages. First Dallas Petroleum, Inc. v.
Hawkins, 727 S.W.2d 640, 645 (Tex. App.–Dallas 1987, no writ) (later disapproved on
other grounds) (citing Village Square, Ltd. v. Barton, 660 S.W.2d 556, 559 (Tex. App.–San
Antonio 1983, writ ref’d n.r.e.)). Therefore, the defendant against whom a default judgment
is rendered is precluded from raising certain issues on appeal. Id. (citing First Nat’l Bank
of Irving v. Shockley, 663 S.W.2d 685, 688 (Tex. App.–Corpus Christi 1983, no writ)). In
reviewing a default judgment, we may not examine the sufficiency of the evidence to
support liability. Id.
          However, the rule that defects in pleadings are waived when written exceptions are
not made “shall not apply to any party against whom default judgment is rendered.” Tex.
R. Civ. P. 90; First Dallas Petroleum, 727 S.W.2d at 645. In such circumstances, we may
examine the pleadings in order to determine whether they sufficiently plead a cause of
action on which to support the judgment. First Dallas Petroleum, 727 S.W.2d at 645 (citing
Caruso v. Kreiger, 698 S.W.2d 760, 762 (Tex. App.–Austin 1985, no writ)) (default
judgment not supported by the pleadings is fundamentally erroneous); see also Paramount
Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988); Stoner v. Thompson, 578
S.W.2d 679, 684 (Tex. 1979) (the non-answering party in a default judgment “admits” facts
which are properly pled) (emphasis added). A default judgment will be held erroneous only
if (1) the petition does not attempt to state a cause of action that is within the jurisdiction
of the court; (2) the petition does not give fair notice to the defendant of the claim asserted;
or (3) the petition affirmatively discloses the invalidity of such claim. Stoner, 578 S.W.2d
at 685. 
          Careful evaluation of both the first and second provisions is vital because, even
where a defendant fails to file an answer, if no liability exists against him as a matter of law
on the facts alleged in the petition, then the fact that he has defaulted by failing to file an
answer cannot create liability. First Dallas Petroleum, 727 S.W.2d at 645; see also U.S.
Fid. & Guar. Co. v. Cascio, 723 S.W.2d 209, 211 (Tex. App.–Dallas 1986, no writ); Morales
v. Dalworth Oil Co., 698 S.W.2d 772, 775 (Tex. App.–Fort Worth 1985, writ ref’d n.r.e.).
           Hahn’s sixth issue on appeal contends that the underlying petition was insufficient
to maintain a cause of action against him. The motion for new trial asserted that “Plaintiffs’
petition . . . fails to plead any facts that prove Hahn or Del Rio owed any duties to
Plaintiffs.” Accordingly, it is proper to consider whether the pleadings set forth a prima
facie cause of action against Hahn individually. For the reasons set out above, I would
review this issue as it relates to Hahn only. 
          Pleadings must give fair notice of the claim asserted. See Tex. R. Civ. P. 45, 47. 
Rule 45 mandates plain and concise language and provides that the fact “that an allegation
be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice
to the opponent is given by the allegations as a whole.” Tex. R. Civ. P. 45. Rule 47
requires that an original pleading include “a short statement of the cause of action sufficient
to give fair notice of the claim involved,” but it does not require that the plaintiff set out in
his pleadings the evidence upon which he relies. Tex. R. Civ. P. 47; see Paramount Pipe,
749 S.W.2d at 494-95. 
          The petition alleges that Hahn had a duty to act for the benefit of the appellees,
which he breached, and that he acted in his own self interest to the detriment of appellees. 
The petition further alleges that he had a duty to disclose and remit gas proceeds
generated by wells in which appellees owned working interests and, by failing to do so, he
committed constructive fraud. 
          I conclude that the petition adequately stated a cause of action within the jurisdiction
of the court. Paramount Pipe, 749 S.W.2d at 494. I further conclude that the petition
sufficiently alleged: (1) the breach of fiduciary duty and constructive fraud claims against
Hahn; and (2) damages on both claims.


 I would overrule Hahn’s sixth issue. 
V. MOTION FOR NEW TRIAL
          In his seventh issue, Hahn argues that the trial court abused its discretion in failing
to grant him a new trial on equitable grounds. Because the petition is sufficient, Hahn must 
satisfy the requirements to set aside a default judgment. A trial court's discretion in
determining whether to grant a new trial after a default judgment has been entered must
be considered in light of the guiding rule set out in Craddock v. Sunshine Bus Lines, 133
S.W.2d 124, 126 (Tex. 1939). See Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d
467, 468 (Tex. 1995) (per curiam); Limestone Constr. Co. v. Summit Commercial Indus.
Props., 143 S.W.3d 538, 542 (Tex. App.–Austin 2004, no pet.). The rule is:
A default judgment should be set aside and a new trial ordered in any case
in which the failure of the defendant to answer before judgment was not
intentional, or the result of conscious indifference on his part, but was due
to a mistake or an accident; provided the motion for a new trial sets up a
meritorious defense and is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.
 
Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 82 (Tex. 1992) (citing Craddock, 133
S.W.2d at 126). 
          When applying the Craddock test, the trial court looks to the knowledge and acts
of the defendant as contained in the record before the court. Strackbein v. Prewitt, 671
S.W.2d 37, 38-39 (Tex. 1984). Where factual allegations in a movant's affidavits are
uncontroverted, it is sufficient that the motion for new trial and accompanying affidavits set
forth facts which, if true, would satisfy the Craddock test. Cliff v. Huggins, 724 S.W.2d 778,
779 (Tex. 1987); Strackbein, 671 S.W.2d at 38-39. However, conclusory allegations are
insufficient. Folsom Invs., Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex. App.–Fort Worth
1982, writ ref'd n.r.e.).
A. Standard of Review
          A motion for new trial is addressed to the trial court’s discretion and the court’s ruling
on such will not be disturbed on appeal, absent a showing of an abuse of that discretion. 
Strackbein, 671 S.W.2d at 33; Coastal Banc SSB v. Helle, 48 S.W.3d 796, 800 (Tex.
App.–Corpus Christi 2001, pet. denied). In reviewing a trial court decision under an abuse
of discretion standard, we must determine whether the trial court acted without reference
to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). The exercise of discretion is within the sole province of the trial court,
and an appellate court may not substitute its discretion for that of the trial judge. Johnson
v. Fourth Ct. App., 700 S.W.2d 916, 918 (Tex. 1985). Rather, an abuse of discretion
occurs only when the trial court reaches a decision that is "so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law." Id. at 917. 
B. Failure to Answer Due to Mistake or Accident
          In the affidavit accompanying his motion for new trial, Hahn stated that: (1) upon
being served, he forwarded the petition and citation to Brian McLaughlin with the firm of
Kerr & Ward, with instructions to file an answer on his behalf; (2) Kerr and Ward routinely
handled his legal matters; (3) sometime around this period, Kerr & Ward hired an attorney
named Brad Miller,


 who was formerly a partner with Woerdle, Strain & Miller, LLP.; (4)
Miller filed the original petition on behalf of appellees; (5) as a result, there was a conflict
of interest with respect to McLaughlin's representation of Hahn; (6) prior to receiving the
notice of default judgment from the court, Hahn was never informed of the conflict or of any
decision by McLaughlin not to proceed or file an answer on his behalf; (7) Miller remained
counsel for appellees in the underlying case until April 17, 2002, the date the default
judgment was taken; (8) that same day, appellees filed and the court granted their notice
of designation of James Stofer as their new counsel; (9) Stofer previously represented an
entity for which Hahn was the sole shareholder and director, and Stofer received
confidential information in the course of that representation which may have created a
conflict of interest with his representation of appellees; and (10) Hahn had no knowledge
of Stofer's representation of the appellees in this case until he received the notice of
default judgment.
          Appellees did not controvert Hahn’s affidavit. Where, as here, factual allegations
in a movant's affidavit are not controverted, a conscious indifference question must be
determined in the same manner as a claim of meritorious defense. Strackbein, 671
S.W.2d at 38. It is sufficient that the movant's motion and affidavits set forth facts which,
if true, would negate intentional or consciously indifferent conduct. Id. at 38-39 (citing
Dallas Heating Co., Inc. v. Pardee, 561 S.W.2d 16, 20 (Tex. Civ. App.–Dallas 1977, writ
ref'd n.r.e.)); see also Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966). Negligence,
however, is not the test by which the defaulting party's actions are measured. Pardee, 561
S.W.2d at 19 (citing Carrell, 407 S.W.2d at 214; O'Hara v. Hexter, 550 S.W.2d 379, 382
(Tex. Civ. App.–Dallas 1977, writ ref'd n.r.e.)). In determining whether there was
intentional disregard or conscious indifference, we must look to the knowledge and acts
of both the defendant and his agent. See Estate of Pollack v. McMurrey, 858 S.W.2d 388,
391 (Tex. 1993); Strackbein, 671 S.W.2d at 39. 
           Hahn's affidavit addresses his own actions and intent. It establishes (1) he
forwarded the initial suit papers to McLaughlin, (2) McLaughlin routinely handled his legal
matters, (3) Hahn instructed McLaughlin to file an answer on his behalf, and (4) Hahn was
unaware until the default judgment was taken that McLaughlin never filed an answer to this
lawsuit. 
          Whether Hahn’s own conduct did or did not constitute conscious indifference, his
affidavit fails to address the intentions or conduct of McLaughlin or Kerr & Ward. Hahn’s
affidavit reflects his intent that McLaughlin serve as his agent to prepare the answer to the
suit on his behalf. See Grissom v. Watson, 704 S.W.2d 325, 326 (Tex. 1986). No
evidence exists to controvert that assertion. 
          When a party’s excuse for his failure to answer a suit is his reliance on a third-party
agent or attorney to file his answer or to notify him of a trial setting, he must similarly prove
that the third party’s failure was due to accident or mistake and was not intentional or the
result of conscious indifference. See Estate of Pollack, 858 S.W.2d at 391 (citing Carey
Crutcher, Inc. v. Mid-Coast Diesel Servs., Inc., 725 S.W.2d 500, 502 (Tex. App.–Corpus
Christi 1987, no writ), overruled on other grounds, Dir., State Employer’s Workers’ Comp.
Div. v. Evans, 889 S.W.2d 266 (Tex. 1994); Wells v. S. States Lumber and Supply Co.,
720 S.W.2d 227, 229 (Tex. App.–Houston [14th Dist.] 1986, no writ)); see also Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). 
          Here, Hahn does not address the conduct of his third party agent or attorney. Hahn
fails to offer any reasonable explanation why counsel failed to file an answer in the case. 
Wells, 720 S.W.2d at 229. There is no attached affidavit of McLaughlin attesting to
inadvertence or mistake.


 Without evidence as to Hahn's agent's state of mind and
actions, Hahn cannot take advantage of the equitable remedy announced in Craddock. 
See Harris v. Lebow, 363 S.W.2d 184, 186 (Tex. Civ. App.–Dallas 1962, writ ref'd n.r.e.). 
I conclude that Hahn failed to satisfy the lack of conscious indifference element of
Craddock. The trial court did not abuse its discretion in denying Hahn's motion for new
trial. See id.; Heine, 835 S.W.2d at 83. 
          I remain mindful of the additional requirements set forth in Craddock, including the
meritorious defense and delay elements. All three components of Craddock must be
satisfied in order to merit a new trial. Because Hahn has failed to satisfy the first prong, 
determinating whether he proved the remaining Craddock elements is not necessary. See
Banktexas McKinney, N.A. v. Desalination Sys., Inc., 847 S.W.2d 301, 303 (Tex.
App.–Dallas 1992, no writ). I would overrule Hahn’s seventh issue.
VI. THE DAMAGES AWARD
          In his fifth issue, Hahn specifically attacks the damages award, asserting there is
no evidence to support the default judgment in this respect. This legal-sufficiency
challenge is reviewed as a no-evidence issue. Gooch v. Am. Sling Co., 902 S.W.2d 181,
183-84 (Tex. App.–Fort Worth 1995, no writ). Hahn must show that the record presents
no probative evidence to support the adverse finding. See Croucher v. Croucher, 660
S.W.2d 55, 58 (Tex. 1983). 
A. Liquidated or Unliquidated Damages
          Under rules 241 and 243 of the Texas Rules of Civil Procedure, proof is required
only with respect to damages which are either unliquidated or not proven by a written
instrument. See Tex. R. Civ. P. 241, 243. Pentes Design, Inc. v. Perez, 840 S.W.2d 75,
79 (Tex. App.–Corpus Christi 1992, writ denied). A claim for contract damages is
"unliquidated" if the damages cannot be accurately calculated by the trial court from the
factual allegations in the plaintiff’s petition and the written contract. Atwood v. B & R
Supply & Equip. Co., Inc., 52 S.W.3d 265, 268 (Tex. App.–Corpus Christi 2001, no pet.). 
          The petition raised several claims, including claims for accounting, statutory relief,
breach of contract, breach of fiduciary duty, fiduciary fraud, and constructive fraud. The
prayer requests judgment for debts owed, as well as exemplary damages. The petition
does not attach any contracts or joint operating agreements. The affidavit of John Hazlett,
Vice President of Land for Whiting, filed in support of the motion for default judgment, does
not articulate the specific claim underlying his calculations and does not attach the
contractual agreements upon which he relies. 
          A trial court can properly render a default judgment for “liquidated damages” only
if it can verify the damages by referring to the allegations in the petition and the written
instruments. BLS Limousine Serv., Inc. v. Buslease, Inc., 680 S.W.2d 543, 547 (Tex.
App.–Dallas 1984, writ ref’d n.r.e.). A liquidated claim is one that can be accurately
calculated by the court, or under its direction, from the allegations contained in plaintiff’s
petition and the instrument in writing. First Nat’l Bank of Irving v. Shockley, 663 S.W.2d
685, 688 (Tex. App.–Corpus Christi 1983, no writ) (citing Freeman v. Leasing Assocs., Inc.,
503 S.W.2d 406, 408 (Tex. Civ. App.–Houston [14th Dist.] 1973, no writ)). Where
damages cannot be accurately calculated from the factual as opposed to conclusory
allegations in the petition and an instrument in writing, they are unliquidated. See Walker
v. Ricks, 101 S.W.3d 740, 748 (Tex. App.–Corpus Christi 2003, no pet.) (citing Pentes
Design, 840 S.W.2d at 79); see also Freeman, 503 S.W.2d at 408. 
          The underlying petition does not provide any basis for calculating the amount due
under the joint operating agreements. Accordingly, I cannot conclude that the damages
awarded were liquidated damages. Shockley, 663 S.W2d at 689. 
B. Legal Sufficiency Standard of Review
           In determining a legal sufficiency question, we consider only the evidence and
inferences that tend to support the finding, and disregard all evidence and inferences to
the contrary. Heine, 835 S.W.2d at 84. If there is more than a scintilla of evidence to
support the finding, the no-evidence challenge fails. Id. The evidence is no more than a
scintilla and, in legal effect, is no evidence “[w]hen the evidence offered to prove a vital fact
is so weak as to do no more than create a mere surmise or suspicion of its existence.” 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). Conversely, more than a
scintilla exists when the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.” Transp. Ins. Co. v. Moriel, 879 S.W.2d 10,
25 (Tex. 1994). We reverse and render judgment when we sustain a legal-sufficiency
point. Vista Chevrolet, Inc. v. Lewis, 709 S.W.2d 176, 177 (Tex. 1986) (per curiam);
Heritage Res., Inc. v. Hill, 104 S.W.3d 612, 619 (Tex. App.–El Paso 2003, no pet.). 
C. Discussion
1. Personal Knowledge
          Hazlett’s affidavit was appellees’ sole proof of damages. Hahn maintains that,
because Hazlett did not attest that he was a representative of either RK or Tremont, he
could not properly testify to or confirm facts as to RK or Tremont. However, in his affidavit
Hazlett stated: (1) he is the vice president of Whiting; (2) he has "personal knowledge of
the matters set forth herein;" (3) as operator of the well, Whiting is responsible for
collection and payment of the royalty interests, ad valorem taxes, and severance taxes not
paid by Hahn, Core and Del Rio; and (4) accordingly, Hazlett is in position to assert that
he has personal knowledge as to the amounts owed. An affidavit is sufficient if it is based
upon personal knowledge. Campbell v. Fort Worth Bank & Trust, 705 S.W.2d 400, 402
(Tex. App.–Fort Worth 1986, no writ). 
2. Calculation of Damages
          Hahn contends the affidavit is conclusory as to damages. Hazlett’s affidavit lists the
amounts owed to each of the appellees. In his affidavit, Hazlett repeatedly references an
attached exhibit, which details the manner in which Hazlett calculated damages based
upon each appellee’s percent ownership interest in the wells, net revenues, severance
taxes, and ad valorem taxes.


 Testimony of the total amount due under a written
instrument, provided in affidavit form, is legally sufficient to support an award of that
amount in a default judgment proceeding. Texas Commerce Bank, Nat’l Ass'n v. New, 3
S.W.3d 515, 517 (Tex. 1999) (per curiam). Pleadings and affidavits constitute a record
upon which the court may base a default judgment, where the affidavit states “the total
amount due.” Barganier v. Saddlebrook Apts., 104 S.W.3d 171, 173 (Tex. App.–Waco
2003, no pet.). Hazlett’s affidavit is legally sufficient to support an award of that amount
in the default proceeding. 
3. Benefit of the Bargain or Out-of-Pocket Damages
          Hahn asserts there is no evidence to support a damages award based upon either
benefit of the bargain or out-of-pocket damages. Benefit of the bargain damages are
properly recoverable if a party prevails on a common law tort cause of action, including a
cause of action for deceit or fraud. Formosa Plastics Corp. v. Presidio Eng’rs &
Contractors, Inc., 960 S.W.2d 41, 49 (Tex. 1998). The Formosa Plastics court advised that
“Texas recognizes two measures of direct damages for common-law fraud: the
out-of-pocket measure and the benefit-of-the-bargain measure. . . . [T]he
benefit-of-the-bargain measure computes the difference between the value as represented
and the value received.” Id. (citing Arthur Anderson & Co. v. Perry Equip. Corp., 945
S.W.2d 812, 817 (Tex. 1997); see also Haase v. Glazner, 62 S.W.3d 795, 798 (Tex. 2001)
(economic losses may be recoverable under a fraud claim). I conclude that Hazlett’s
affidavit is legally sufficient to prove benefit of bargain damages. It sets forth in sufficient
detail the monies which appellees would have received but for the alleged breaches of duty
and/or fraud. These monies are consistent with a theory of damages that is appropriate
for the causes of action alleged. Formosa Plastics, 960 S.W.2d at 49. 
4. Proof by Affidavit
          Hahn next argues that these damages were not properly proven through affidavit. 
To the contrary, a trial court may rely on affidavits in proving unliquidated damages in
default judgments. New, 3 S.W.3d at 517. Rule 802 of the Texas Rules of Evidence, the
hearsay rule, will not prevent use of evidence in the form of affidavits in the context of a
default judgment. New, 3 S.W.3d at 517. Affidavits are probative evidence of unliquidated
damages. Id. “Testimony of the total amount due under a written instrument is legally
sufficient to support an award of that amount in a default judgment proceeding.” Id. 
Hazlett's affidavit included the total amounts due under the Rose and Dincans joint
operating agreements, both of which were written instruments. The affidavit included an
attached schedule detailing how those amounts were calculated. 
5. Disposition
          I conclude that the evidence of damages constituted more than a scintilla and is
legally sufficient to support the amount of damages awarded. I would overrule Hahn’s fifth
issue.
VII. REPORTER’S RECORD
          In his eighth issue, Hahn asserts he is entitled to a new trial in the absence of a
reporter’s record. Rule 243 of the Texas Rules of Civil Procedure states that if the cause
of action is unliquidated or cannot be proved by an instrument in writing, the court shall
hear evidence as to damages and shall render judgment therefor, unless the defendant
shall demand and be entitled to a trial by jury. Tex. R. Civ. P. 243; see also Heine, 835
S.W.2d at 83. In some cases, the lack of a reporter's record may entitle a defendant to a
new trial because he will be unable to obtain some record of the evidence to be reviewed
by an appellate court. Barganier, 104 S.W.3d at 174. 
          The motion for default judgment contained the affidavit of Whiting’s vice-president
attesting to damages, and the affidavit of counsel attesting to attorney fees. The affidavits
are probative evidence for purposes of an unliquidated-damages hearing pursuant to rule
243. New, 3 S.W.3d at 516. The trial court did not abuse its discretion when it considered
the affidavits in rendering its default judgment. Id. at 517. 
          The affidavits in this case are part of the clerk's record. I have concluded the
affidavits are sufficient to support the judgment. Thus, the lack of a reporter's record does
not require reversal of the judgment. New, 3 S.W.3d at 517; see Tex. R. App. P. 44.1(a)(1),
(2); Saddlebrook Apts., 104 S.W.3d at 174-75. I would overrule Hahn’s eighth issue.
VIII. CONCLUSION
          Respectfully, I conclude that Hahn waived his second, third and fourth issues. I
would overrule (1) his first issue, because the trial court’s judgment is final, and (2) his fifth,
sixth, seventh, eighth and ninth issues. Accordingly, I would affirm the judgment of the
trial court. 

 
 ERRLINDA CASTILLO
                                                                                      Justice

Dissenting Opinion delivered and filed
this 9th day of June, 2005.