**Virginie CARUSO, Appellant,**

v.

**David KRIEGER, Appellee.**

No. 14426.

Court of Appeals of Texas, Austin.

Oct. 23, 1985.

John Namovice, Hancock, Piedfort, Galton & McGill, Austin, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

Virginie Caruso filed this petition for writ of error to reverse a default judgment for $21,450.00, rendered in favor of respondent, David Krieger. Appellant argues that the trial court erred in granting a default judgment for money damages to appellee when his petition sought only specific performance. We will reverse the judgment of the trial court, and remand for a new trial.

Appellee filed an original petition on June 19, 1984, asking for specific performance. The suit was predicated on an earnest money contract. Appellant was served with citation, but failed to answer. No prayer or allegation was made by appellee for money damages in his written pleadings. At the default hearing however, appellee made an oral trial amendment seeking money damages rather than specific performance. On October 23, 1984, the trial court rendered judgment awarding money damages. Upon learning of the judgment, the appellant filed this petition for writ of error.

Four elements are necessary for a writ of error: (1) it must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. Tex. R.Civ.P.Ann. 360 (Supp.1985); *Brown v. McLennan County Children's Protective SErvices*, 627 S.W.2d 390 (Tex.1982). Like any other direct attack on appeal, a writ of error affords appellant a review of the entire case. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 728 (Tex.1965); *Adams v. Isbell*, 615 S.W.2d 254 (Tex.Civ.App.1981, no writ). Appellant is not required to excuse her failure to appear at trial nor is she

William T. Peckham, Alvis, Carssow & von Kreisler, Austin, for appellant.

required to show a meritorious defense. *Village Square Ltd. v. Barton*, 660 S.W.2d 556 (Tex.App.1983, writ ref'd n.r.e.).

 Appellant has complied with the first three requirements for writ of error, therefore, the only question remaining is whether the error, if any, is apparent from the face of the record. Because Tex.R.Civ. P.Ann. 90 (Supp.1985) does not apply to a default judgment, appellant may complain of any defects within appellee's pleadings for the first time on appeal. *Rose v. Burton*, 614 S.W.2d 651 (Tex.App.1981, writ ref'd n.r.e.). Appellant argues that she was not given adequate notice of respondent's cause of action for money damages. In order to support a default judgment a plaintiff's pleadings must describe in sufficient detail his cause of action so as to fairly notify the opposing party. *C & H Transportation Company, Inc. v. Wright*, 396 S.W.2d 443 (Tex.Civ.App.1965, writ ref'd n.r.e.). To this end, a default judgment must be in accord with the pleadings in the record. *Mullen v. Roberts*, 423 S.W.2d 576 (Tex.1968). A default judgment not supported by the pleadings is fundamentally erroneous. *City of Fort Worth v. Gause*, 129 Tex. 25, 101 S.W.2d 221 (1937).

 In this appeal there is a judgment for $21,450.00. The plaintiff's original petition, however, seeks specific performance. A prayer for specific performance will not support a default judgment for compensatory damages. The appellee's pleadings failed to adequately notify appellant that monetary damages might be sought. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979). Absent fair notice, a party who fails to appear at trial will not be held to have tried an unpled cause of action by implied consent. *Stoner v. Thompson, supra.* The error complained of is apparent from the face of the record.

Judgment of the trial court is reversed, and this cause is hereby remanded for a new trial.