Opinion issue February 2, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00792-CV




MARY BINDER F/K/A MARY SAFADY, Appellant

V.

DANNY JOE SAFADY, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 86-33740




O P I N I O N

          Appellant, Mary Binder f/k/a Mary Safady brings this restricted appeal of a
default judgment rendered in favor of appellee, Danny Joe Safady. In seven issues
on appeal, Mary argues that she is entitled to a restricted appeal and that the trial
court erred by (1) awarding Danny more relief than he requested and (2) reducing
Danny’s child support arrearages to zero.
          We reverse and remand the cause.
Background
          Mary and Danny were married in 1982 and divorced in 1987. Pursuant to the
decree of divorce, Mary was named as the managing conservator and Danny was
named as the possessory conservator of their two children. The decree of divorce
stated that Danny had to pay $500 in child support to Mary every month. On June 30,
2003, Mary filed a motion to enforce child support, alleging that Danny’s arrearages
totaled $120,000, excluding interest. Danny responded by filing an original answer
and special exceptions on July 16, 2003. In his response, Danny asserted the
affirmative defense of offset because Mary had relinquished actual possession and
control of the children. On July 18, 2003, the trial court


 signed an order on Mary’s
Motion for Enforcement of Child Support. The order noted that petitioner, Mary, had
failed to appear. The court denied Mary’s motion for enforcement and dismissed with
prejudice all causes of action raised in Mary’s motion.
          In response to the trial court’s order denying her motion for enforcement, Mary
filed a motion for new trial on August 15, 2003. Her motion stated that the trial court
signed a judgment on July 18, 2003, and she had requested a hearing date on July 24,
2003, but the court set the matter for July 17, 2003. She further stated, “Petitioners
attorney was returned a file marked copy of the Motion for Enforcement without
notice of the change in Court date.” She also stated that she had a meritorious
defense. 
          On September 23, 2003, the trial court signed an order on a motion for partial
new trial. The trial court ordered that Mary’s motion for new trial be granted in part
and that a new trial be granted “only with respect to the Movant’s request for money
judgment.” Each party’s attorney signed the order for partial new trial. No new trial
on Mary’s request for child-support arrearages was scheduled. 
          Meanwhile, on July 21, 2003, Danny filed a Petition to Modify Parent-Child
Relationship, contending that Mary had relinquished primary care and possession of
the child to Danny. Danny’s petition pertained to only one child, Dustin Adam
Safady. The parties’ other child, Danny Joe Safady II, had already turned 18. Danny
sought to be appointed conservator of the rights to determine the primary residence
of the remaining minor child and to receive child support for that child’s benefit. 
Mary did not file an answer to Danny’s petition to modify.
          On January 28, 2004, the trial court


 held a hearing. Following the hearing, the
court signed a default judgment against Mary. The trial court noted that Mary,
although duly and properly cited, did not appear. The trial court noted that Mary was
“personally served with [Danny’s] Petition to Modify Parent-Child Relationship on
September 5, 2003. The return of service was filed with this Court on September 16,
2003. Respondent, MARY BINDER, has not filed an Answer to such Petition and
has not made an appearance in this matter.” The court’s judgment adjudicated not
only Danny’s petition to modify, but also Mary’s motion for enforcement. The court
held that Danny owed Mary zero dollars in child support and medical support,
including interest owed to Mary. The trial court also ordered Mary to pay Danny
child support of $160 per month. The court further found that Danny was entitled to
an offset for actual support provided during those periods of possession in excess of
court-ordered periods of possession and that Danny had incurred attorney’s fees,
which were necessary as support for the child. It ordered that a judgment of $5,000
for Danny’s legal services be rendered. Although Danny had not sought a change of
conservatorship in the petition, the court removed Mary as managing conservator of
the child and appointed Danny as sole managing conservator and Mary as possessory
conservator, basing its judgment on the best interest of the child. 

Restricted Appeal

          To prevail on restricted appeal, an appellant must establish the following: (1)
she filed the notice of the restricted appeal within six months after the judgment or
order appealed from was signed; (2) she was a party to the underlying suit; (3) she did
not timely file a post-judgment motion or request for findings of fact and conclusions
of law, or notice of appeal; (4) she did not participate, either in person or through
counsel, in the actual trial of the case; (5) the trial court erred; and (6) the error is
apparent from the face of the record. See Tex. R. App. P. 30; Wright Bros. Energy,
Inc. v. Krough, 67 S.W.3d 271, 273 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
The face of the record consists of all the papers on file in the appeal, including any
reporter’s record. Osteen v. Osteen, 38 S.W.3d 809, 813 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).
          The parties do not dispute that Mary satisfied the first four requirements of a
restricted appeal. Danny does dispute the fifth and sixth requirement—that the trial
court erred and that error is apparent on the face of the record. 
          Error Apparent on the Face of the Record
          Mary argues that the trial court erred by granting relief on a default basis
without notice to her, and that error is apparent on the face of the record. 
Specifically, Mary argues that the trial court erred in granting Danny substantially
more relief than he sought in his petition to modify by (1) eliminating his child
support arrearages which were the subject of Mary’s motion to enforce, not Danny’s
petition to modify; (2) awarding Danny attorney’s fees “in the nature of child
support”; and (3) appointing Danny sole managing conservator of the remaining
minor child despite acknowledging that a request for change in conservatorship was
not pled in the petition.
          A default judgment must be supported by the pleadings. Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979). The defendant must have fair notice of the
plaintiff’s cause of action and the relief sought. McKnight v. Trogdon-McKnight, 132
S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A judgment not
supported is erroneous. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex.
1983). A party may not be granted relief in the absence of pleadings to support that
relief, absent trial by consent. Id. 
          In his petition to modify, Danny stated, “Mary has voluntarily relinquished the
actual care, control, and possession of the child for at least six months.” He requested
that the trial court “modify the child support order to provide that Danny shall have
the right to receive and give receipt for payments of support for the child and to hold
or disburse money for the benefit of the child.” His petition also stated that he had
had to hire a lawyer to preserve and protect the child’s rights. He did not plead the
affirmative defense of offset in his petition.



          In its default judgment, the trial court granted Danny’s requested relief, but also
granted additional relief that he had not pled. Specifically, the trial court erred by
reducing Danny’s child-support arrearages to zero when Danny had never sought this
relief in his petition to modify. See Cunningham, 660 S.W.2d at 813 (stating that “a
judgment must be supported by the pleadings and, if not so supported, it is
erroneous”); McKnight, 132 S.W.3d at 131 (holding that trial court erred in rendering
default judgment when relief given was not requested in pleadings); Caruso v.
Krieger, 698 S.W.2d 760, 762 (Tex. App.—Austin 1985, no writ) (stating that default
judgment not supported by the pleadings is fundamentally erroneous).


 By granting
more relief than Danny requested in his petition, the trial court erred, and that error
is apparent on the face of the record. 
          Danny argues that only general pleadings are required in family law matters
and that his pleadings placed the issue of whether Danny owed child support to Mary
at issue. Although detailed pleadings are not required in suits affecting the parent-child relationship, we conclude that Danny’s pleadings were too general to put Mary
on notice that he would attempt to reduce his child-support arrearages to zero. See
Aguilar v. Barker, 699 S.W.2d 915, 917 (Tex. App.—Houston [1st Dist.] 1985, no
writ) (holding that detailed pleadings are not required). Here, Danny’s petition
requested only that he be entitled to child-support payments and attorney’s fees. He
made no request for any retroactive child support relief. Nor did he make any request
for an offset or counterclaim. Accordingly, the trial court abused its discretion by
reducing Danny’s child-support arrearages because that issue was not pled in Danny’s
petition to modify.


 
          Moreover, as the trial court noted, it made Danny the sole managing
conservator of the remaining minor child even though Danny had not pled for that
relief. We conclude that the trial court erred in this regard as well. See Cunningham,
660 S.W.2d at 813; McKnight, 132 S.W.3d at 131; Caruso, 698 S.W.2d at 762.
Finally, because the trial court’s award of attorney’s fees was based partially on work
performed in response to Mary’s motion for enforcement, a separate proceeding, we
likewise reverse the judgment that awarded $5,000 in attorney’s fees to Danny. 
 
 
 
 
 
Conclusion
          We reverse the judgment of the trial court and remand the cause to the trial
court for further proceedings.
 
                                                   Evelyn V. Keyes
                                                   Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.