02-10-374-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-10-00374-CV

 

 


 
 
 In the Interest of J.A.L., K.D.L., and M.R.L.
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 16th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Joshua Aaron Lee appeals the default order in the suit to modify the
parent-child relationship filed against him by Appellee Emily M. Lee.[2] 
Joshua contends in five issues that the trial court erred by rendering the
default judgment and thereby modifying the terms and conditions of
conservatorship and child support because there was no pleading to support the
relief granted, because Emily’s petition to modify conservatorship was filed
within one year of the order sought to be modified and was not accompanied by
an affidavit alleging sufficient supporting facts, and because the trial
court’s findings of fact and conclusions of law do not support its findings. 
We reverse and remand.

II. 
Background

          Joshua
and Emily have three minor children and were divorced on March 30, 2006.  In
August 2007, the trial court signed an “Order Modifying Previous Order in Suit
Affecting Parent-Children Relationship,” and Joshua was appointed the
children’s sole managing conservator.  The August 2007 order also required that
Emily’s periods of possession be supervised by an acceptable family member or
third-party agency.

          In
June 2008, Emily filed a pro se petition to modify the parent-child
relationship.[3]  Emily’s petition
requested only that the trial court “remove [the] supervised visitation
guid[e]line” and set a “neutral exchange location” at a McDonald’s restaurant
on Stemmons Freeway.  Concerning conservatorship and child support, Emily’s
petition expressly stated that “[p]etitioner does not want to modify conservatorship
(custody) orders” and that “[p]etitioner does not want to modify child support
orders.”  In July 2008, Emily filed a pro se motion for temporary orders,
requesting that she have “standard possession rights” during the pendency of
the case, but she did not request any change in conservatorship or child
support in that motion.

          The
trial court conducted a hearing on Emily’s petition to modify in July 2010 and
signed the final order in September 2010.  Emily appeared at the hearing in
person and with an attorney, but Joshua did not appear.[4] 
The September 2010 order removed Joshua as sole managing conservator, appointed
Joshua and Emily as joint managing conservators, and appointed Emily as the
joint managing conservator with the exclusive right to make decisions
concerning the children’s primary residence, medical treatment, and education. 
The September 2010 order also required that Joshua begin paying child support.

III. 
Standard of Review

          We
review the trial court’s modification of child support and managing
conservatorship for an abuse of discretion.  In re B.S.H., 308 S.W.3d
76, 78 (Tex. App.—Fort Worth 2009, no pet.); In re T.D.C., 91 S.W.3d
865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g); see In re
A.B.H., 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on
reh’g) (applying standard).  A trial court abuses its discretion if it acts
arbitrarily and unreasonably or without reference to guiding principles.  Iliff
v. Iliff, 339 S.W.3d 74, 78 (Tex. 2011); Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007).

IV. 
Discussion

          Joshua
argues in his first, second, and fourth issues that the trial court erred by
rendering the default judgment in September 2010 because there was no pleading
to support the relief granted and because Emily expressly pleaded that she did
not seek to modify conservatorship or child support.

A. 
Applicable Law

          “The
Texas Rules of Civil Procedure applicable to the filing of an original lawsuit
apply to a suit for modification.”  A.B.H., 266 S.W.3d at 599 (citing
Tex. Fam. Code Ann. § 156.004 (West 2002)).  “Rule 301 of the Texas Rules of
Civil Procedure provides that the judgment of the court must be supported by
the pleadings.”  Id. (citing Tex. R. Civ. P. 301).  “Generally, a
pleading provides fair notice of a claim when an opposing attorney of
reasonable competence can examine the pleadings and ascertain the nature and
basic issues of the controversy and the relevant testimony.”  Taylor v.
Taylor, 337 S.W.3d 398, 401 (Tex. App.—Fort Worth 2011, no pet.) (op. on
reh’g) (citing Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896
(Tex. 2000)).

          As
stated by our sister court of appeals,

A default judgment
must be supported by the pleadings.  Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979).  The defendant must have fair notice of the plaintiff’s cause
of action and the relief sought.  McKnight v. Trogdon–McKnight, 132
S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  A judgment not
supported is erroneous.  Cunningham v. Parkdale Bank, 660 S.W.2d 810,
813 (Tex. 1983).  A party may not be granted relief in the absence of pleadings
to support that relief, absent trial by consent.  Id.

Binder
v. Joe, 193 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2006,
no pet.).

B. 
Analysis

          In
Binder, the children’s father was originally named possessory
conservator and was ordered to pay child support.  See id. at
31.  He subsequently filed a petition to modify, seeking appointment as “conservator
of the rights to determine the primary residence of the remaining minor child
and to receive child support for that child’s benefit.”  Id.  The trial
court signed a default order that removed the mother as managing conservator,
appointed the father as sole managing conservator, ordered the mother to begin
paying child support, and reduced the father’s alleged child support arrearage
to zero.  Id. at 31–32.  In the mother’s restricted appeal, the court
held that the trial court abused its discretion by appointing the father as
sole managing conservator of the child and by reducing the father’s child
support arrearages to zero because the father’s pleadings did not support those
grounds for relief.  Id. at 33; see also A.B.H., 266 S.W.3d at
600–01 (holding that trial court abused its discretion by appointing father
sole managing conservator and that the issue was not tried by consent because
the “record [was] devoid of evidence indicating that both parties understood
that this issue was before the trial court” and because the father’s pleading
requested only that he be appointed joint managing conservator with the right
to designate the children’s primary residence).

          Here,
Emily requested only that she have standard visitation rights without
supervision and that the trial court specify a neutral exchange location.  In
addition, Emily’s petition to modify expressly stated that she did not seek to
modify conservatorship or child support orders.[5]  Her motion for temporary
orders also did not request any changes to conservatorship or child support.  However,
the trial court’s September 2010 order modified both conservatorship and child
support by removing Joshua as sole managing conservator, appointing Joshua and
Emily as joint managing conservators, appointing Emily as the “primary” joint
managing conservator, and requiring Joshua to begin paying child support.  Although
a party’s pleadings are to be liberally construed in the absence of special
exceptions, Emily expressly pleaded that she requested no changes to
conservatorship or child support.  See, e.g., Taylor, 337 S.W.3d
at 401 (citing Auld, 34 S.W.3d at 897; Boyles v. Kerr, 855 S.W.2d
593, 601 (Tex. 1993) (op. on reh’g)).  Thus, the trial court abused its
discretion by removing Joshua as sole managing conservator, appointing Joshua
and Emily as joint managing conservators, appointing Emily as the “primary”
joint managing conservator, and ordering Joshua to pay child support because
the September 2010 order granted more relief to Emily than was requested in her
pleadings.  See Binder, 193 S.W.3d at 29; see also A.B.H., 266
S.W.3d at 600–01.  We therefore sustain Joshua’s first, second, and fourth
issues.[6]

V. 
Conclusion

          Having
sustained Joshua’s dispositive issues, we reverse the trial court’s September
14, 2010 order modifying the parent-child relationship and remand this case to
the trial court for further proceedings consistent with this opinion.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DELIVERED:  March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]Emily’s current last name
is Conner.  Emily was represented by counsel in the trial court, but her
counsel was permitted to withdraw during this appeal.  Emily did not file an
appellee’s brief.





[3]It appears that Emily
prepared the pro se original petition by filling in blanks on a form apparently
prepared by the Texas Partnership for Legal Access.





[4]Joshua argues that neither
he nor his counsel was given notice of the July hearing or an opportunity to
review or object to the proposed final order submitted by Emily’s counsel in
September 2010.





[5]The appellate record does
not contain any amended or supplemental pleadings that would have superseded
Emily’s original petition.





[6]Having sustained Joshua’s
first, second, and fourth issues, we need not address his third or fifth
issues.  See Tex. R. App. P. 47.1., 47.4.