

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00374-CV

IN THE INTEREST OF J.A.L.,
K.D.L., AND M.R.L.

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Joshua Aaron Lee appeals the default order in the suit to modify the parent-child relationship filed against him by Appellee Emily M. Lee.[2] Joshua contends in five issues that the trial court erred by rendering the default judgment

---

[1]*See* Tex. R. App. P. 47.4.

[2]Emily's current last name is Conner. Emily was represented by counsel in the trial court, but her counsel was permitted to withdraw during this appeal. Emily did not file an appellee's brief.

and thereby modifying the terms and conditions of conservatorship and child support because there was no pleading to support the relief granted, because Emily's petition to modify conservatorship was filed within one year of the order sought to be modified and was not accompanied by an affidavit alleging sufficient supporting facts, and because the trial court's findings of fact and conclusions of law do not support its findings. We reverse and remand.

## II. Background

Joshua and Emily have three minor children and were divorced on March 30, 2006. In August 2007, the trial court signed an "Order Modifying Previous Order in Suit Affecting Parent-Children Relationship," and Joshua was appointed the children's sole managing conservator. The August 2007 order also required that Emily's periods of possession be supervised by an acceptable family member or third-party agency.

In June 2008, Emily filed a pro se petition to modify the parent-child relationship.[3] Emily's petition requested only that the trial court "remove [the] supervised visitation guid[e]line" and set a "neutral exchange location" at a McDonald's restaurant on Stemmons Freeway. Concerning conservatorship and child support, Emily's petition expressly stated that "[p]etitioner does not want to modify conservatorship (custody) orders" and that "[p]etitioner does not want to modify child support orders." In July 2008, Emily filed a pro se motion for

---

[3]It appears that Emily prepared the pro se original petition by filling in blanks on a form apparently prepared by the Texas Partnership for Legal Access.

2

temporary orders, requesting that she have "standard possession rights" during the pendency of the case, but she did not request any change in conservatorship or child support in that motion.

The trial court conducted a hearing on Emily's petition to modify in July 2010 and signed the final order in September 2010. Emily appeared at the hearing in person and with an attorney, but Joshua did not appear.[4] The September 2010 order removed Joshua as sole managing conservator, appointed Joshua and Emily as joint managing conservators, and appointed Emily as the joint managing conservator with the exclusive right to make decisions concerning the children's primary residence, medical treatment, and education. The September 2010 order also required that Joshua begin paying child support.

### III. Standard of Review

We review the trial court's modification of child support and managing conservatorship for an abuse of discretion. *In re B.S.H.*, 308 S.W.3d 76, 78 (Tex. App.—Fort Worth 2009, no pet.); *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g); *see In re A.B.H.*, 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (applying standard). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without

---

[4]Joshua argues that neither he nor his counsel was given notice of the July hearing or an opportunity to review or object to the proposed final order submitted by Emily's counsel in September 2010.

reference to guiding principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

## IV. Discussion

Joshua argues in his first, second, and fourth issues that the trial court erred by rendering the default judgment in September 2010 because there was no pleading to support the relief granted and because Emily expressly pleaded that she did not seek to modify conservatorship or child support.

## A. Applicable Law

"The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification." *A.B.H.*, 266 S.W.3d at 599 (citing Tex. Fam. Code Ann. § 156.004 (West 2002)). "Rule 301 of the Texas Rules of Civil Procedure provides that the judgment of the court must be supported by the pleadings." *Id.* (citing Tex. R. Civ. P. 301). "Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony." *Taylor v. Taylor*, 337 S.W.3d 398, 401 (Tex. App.—Fort Worth 2011, no pet.) (op. on reh'g) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).

As stated by our sister court of appeals,

A default judgment must be supported by the pleadings. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The defendant must have fair notice of the plaintiff's cause of action and the relief sought. *McKnight v. Trogdon–McKnight*, 132 S.W.3d 126, 131 (Tex. App.— Houston [14th Dist.] 2004, no pet.). A judgment not supported is

4

erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). A party may not be granted relief in the absence of pleadings to support that relief, absent trial by consent. *Id.*

*Binder v. Joe*, 193 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## B. Analysis

In *Binder*, the children's father was originally named possessory conservator and was ordered to pay child support. *See id*. at 31. He subsequently filed a petition to modify, seeking appointment as "conservator of the rights to determine the primary residence of the remaining minor child and to receive child support for that child's benefit." *Id.* The trial court signed a default order that removed the mother as managing conservator, appointed the father as sole managing conservator, ordered the mother to begin paying child support, and reduced the father's alleged child support arrearage to zero. *Id.* at 31–32. In the mother's restricted appeal, the court held that the trial court abused its discretion by appointing the father as sole managing conservator of the child and by reducing the father's child support arrearages to zero because the father's pleadings did not support those grounds for relief. *Id.* at 33; *see also A.B.H.*, 266 S.W.3d at 600–01 (holding that trial court abused its discretion by appointing father sole managing conservator and that the issue was not tried by consent because the "record [was] devoid of evidence indicating that both parties understood that this issue was before the trial court" and because the father's pleading requested only that he be appointed joint managing conservator with the right to designate the children's primary residence).

5

Here, Emily requested only that she have standard visitation rights without supervision and that the trial court specify a neutral exchange location. In addition, Emily's petition to modify expressly stated that she did not seek to modify conservatorship or child support orders.[5] Her motion for temporary orders also did not request any changes to conservatorship or child support. However, the trial court's September 2010 order modified both conservatorship and child support by removing Joshua as sole managing conservator, appointing Joshua and Emily as joint managing conservators, appointing Emily as the "primary" joint managing conservator, and requiring Joshua to begin paying child support. Although a party's pleadings are to be liberally construed in the absence of special exceptions, Emily expressly pleaded that she requested no changes to conservatorship or child support. *See, e.g.*, *Taylor*, 337 S.W.3d at 401 (citing *Auld*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g)). Thus, the trial court abused its discretion by removing Joshua as sole managing conservator, appointing Joshua and Emily as joint managing conservators, appointing Emily as the "primary" joint managing conservator, and ordering Joshua to pay child support because the September 2010 order granted more relief to Emily than was requested in her pleadings. *See Binder*, 193

---

[5]The appellate record does not contain any amended or supplemental pleadings that would have superseded Emily's original petition.

S.W.3d at 29; *see also A.B.H.*, 266 S.W.3d at 600–01.  We therefore sustain Joshua's first, second, and fourth issues.[6]

## V.  Conclusion

Having sustained Joshua's dispositive issues, we reverse the trial court's September 14, 2010 order modifying the parent-child relationship and remand this case to the trial court for further proceedings consistent with this opinion.


ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  March 15, 2012

---

[6]Having sustained Joshua's first, second, and fourth issues, we need not address his third or fifth issues.  *See* Tex. R. App. P. 47.1., 47.4.