

NUMBER 13-11-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAVANNAH ROBINSON,                                    Appellant,

v.

SAMUEL T. GARCIA JR., M.D.,                           Appellee.

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez**

This is an appeal from a judgment in a healthcare liability case assessing attorney's fees against the claimant and the claimant's attorney. By a single issue, appellant Savannah Robinson argues that the trial court erred in assessing attorney's fees against her, the claimant's attorney, under chapter 74 of the civil practices and

remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West 2011). We reverse and render.

## I.  Background

In the underlying healthcare liability suit, Robinson's client sued appellee Samuel T. Garcia Jr., M.D. and two other defendants[1] for medical malpractice in connection with the death of her client's mother from a pulmonary embolism. Robinson's client eventually agreed to dismissal of the malpractice suit when it was discovered that the deceased had a blood clot filter in her main vein. Garcia pursued his claim for attorney's fees under section 74.351(b), but the trial court did not award Garcia fees. This Court affirmed the trial court's fee determination, holding that the evidence of Garcia's attorney's fees was insufficient. *Garcia v. Gomez*, 286 S.W.3d 445, 449 (Tex. App.—Corpus Christi 2008), *rev'd*, 319 S.W.3d 638 (Tex. 2010). The Texas Supreme Court reversed our holding, however, determining that Garcia had adequately proved his fees. *Garcia v. Gomez*, 319 S.W.3d 638, 642-43 (Tex. 2010).

On remand to the trial court, Garcia filed a motion to enter an order in compliance with the supreme court's mandate, requesting that the trial court award him attorney's fees and dismiss the case per the supreme court's mandate. After a hearing, the trial court entered an order granting Garcia's motion and awarding Garcia $31,000 in attorney's fees. The fees were assessed against both the claimant and Robinson, the claimant's attorney. Robinson appeals from that order.

---

[1] The other two defendants, Richard Ochoa and Doctor's Hospital at Renaissance, Ltd., are not parties to this appeal.

## II. Discussion

By one issue on appeal, Robinson contends that the trial court erred in assessing Garcia's attorney's fees award against her. Robinson argues that chapter 74 of the civil practices and remedies code, the current medical malpractice statute, does not authorize the assessing of fees against the claimant's attorney. Robinson also argues that the judgment assessing fees against her is void and unenforceable because she was never made a party to the case. We agree with Robinson's first argument.

## A. Standard of Review

The amount of attorney's fees incurred by a party and the reasonableness of those fees is a matter within the discretion of the trial court. *See Dail v. Couch*, 99 S.W.3d 390, 391 (Tex. App.—Corpus Christi 2003, no pet.) (noting that an award of attorney's fees is generally reviewed under an abuse of discretion standard); *Great Global Assurance Co. v. Keltex Props.*, 904 S.W.2d 771, 776 (Tex. App.—Corpus Christi 1995, no writ) (holding that the trial court has discretion to set the amount of reasonable attorney's fees); *see also Doctors Hosp. at Renaissance, Ltd. v. Ramirez*, No. 13-07-00608-CV, 2008 WL 2744629, at *2 (Tex. App.—Corpus Christi July 10, 2008, no pet.) (mem. op.). In this case, however, the amount of fees awarded to Garcia by the trial court is not at issue—what Robinson questions is whether the trial court was authorized under chapter 74 to assess those fees against the claimant's attorney. And when a trial court's ruling involves the interpretation of a statute, we review that ruling de novo. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000).

When called on to interpret a statute, courts should ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *Entergy Gulf States,*

3

*Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) ("[W]hen possible, we discern [legislative intent] from the plain meaning of the words chosen."). Words and phrases are read in context and construed according to the rules of grammar and common usage. Tᴇx. Gov'ᴛ Cᴏᴅᴇ Aɴɴ. § 311.011(a) (West 2005). "[E]very word in a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (citing *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963)). "Our ultimate goal, however, is to understand the Legislature's intent and apply that intent according to the statute's purpose." *Marks v. St. Luke's Episcopal Hospital*, 319 S.W.3d 658, 663 (Tex. 2010) (citing Tᴇx. Gov'ᴛ Cᴏᴅᴇ Aɴɴ. § 312.005 (West 2005); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex. 1995)).

**B. Analysis**

We believe that resolution of the issue in this case first requires a comparison of the current and former medical malpractice statutes. The attorney's fee provision in the former medical malpractice statute—former article 4590i, section 13.01(e) of the Texas Revised Civil Statutes, which was in effect until repealed in 2003 by the current healthcare liability statute—provided that if an expert report is not timely filed, the trial court shall "enter an order awarding as sanctions *against the claimant or the claimant's attorney . . .* the reasonable attorney's fees and costs of court incurred by that defendant." *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01(e), 1995 Tex. Gen. Laws 985, 986 (emphasis added), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. By contrast, section 74.351(b) in the current healthcare

4

liability statute provides that

> [i]f, as to a defendant physician or health care provider, an expert report has not been served within [120 days], the court, on the motion of the affected physician or health care provider, shall . . . enter an order that . . . awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). Although the current provision mandates an award of attorney's fees and costs to a physician who prevails in having a claimant's case dismissed for failure to timely file an expert report, it does not specify who is responsible for paying the mandatory fees. *See id.*; *see also Fulp v. Miller*, 286 S.W.3d 501, 512-13 (Tex. App.—Corpus Christi 2009, no pet.). Thus, the removal of the language "against the claimant or the claimant's attorney" does not provide clear guidance as to who is responsible for the payment of the physician's fees.

Instead, we find guidance in a comparison of section 74.351(b) to other statutes providing for an award of attorney's fees and the rules and statutes providing for the assessment of sanctions. In general, a party may recover attorney's fees from an opposing party when provided for by statute or contract. *Intercont'l Group P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) ("Under the American Rule, litigants' attorney's fees are recoverable only if authorized by statute or by a contract between the parties."). The statutes providing for the recovery of attorney's fees in certain causes of action either do not specifically state who is responsible for payment of fees or, where they do so state, the statute mentions only the party. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008) (providing that in a declaratory judgment action, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just"); *id.* § 38.001 (West 2008) ("A person may recover reasonable

attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract."); *id.* § 81.004(b) (West 2011) (providing that if a plaintiff prevails in a cause of action of sexual exploitation by a mental health services provider, he or she "may recover . . . reasonable attorney fees"); TEX. LAB. CODE ANN. § 21.259(a) (West 2006) (providing that in an employment discrimination case, "a court may allow the prevailing party . . . a reasonable attorney's fee as part of the costs"). Regardless of whether those statutes specifically state who is responsible for the payment of fees, the general practice is that fees are assessed against the party, not the party's attorney.

By contrast, the rules and statutes governing the imposition of sanctions expressly provide that a party's attorney can be held responsible for the payment of sanctions. *See* TEX. R. CIV. P. 13 ("If a pleading, motion or other payer is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction under [rule 215.2(b)], upon the person who signed it, a represented party, or both."); TEX. R. CIV. P. 215.1, 215.2(b)(2), (8) (providing that if a party fails to obey various discovery orders, a trial court may, after notice and hearing, order "the disobedient party or the attorney advising him" to pay discovery expenses, court costs, and/or attorney's fees); TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (West 2002) ("A court that determines that a person has signed a [frivolous] pleading or motion . . . may impose a sanction on the person [who signed the pleading or motion], a party represented by the person, or both."). The rules and statutes also provide that sanctions

may not be imposed against a party or attorney until there is notice and a hearing. *See* TEX. R. CIV. P. 13, 215.1(d), 215.2(b), 215.3; TEX. CIV. PRAC. & REM. CODE ANN. § 10.003 (West 2002) ("The court shall provide a party who is the subject of a motion for sanctions . . . notice of the allegations and a reasonable opportunity to respond."). When the sanctions are sought by a trial court on its own initiative, the party seeking to avoid sanctions must prove that sanctions should not be imposed. TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(b) (West 2002). When a party files a motion for sanctions against an opposing party, the party filing the motion must prove the allegations of sanctionable conduct. *GTE Comms. Sys. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993). In either situation, though, the party seeking to avoid sanctions is entitled under the rules, statutes, and for due process reasons to present evidence and argument as to why sanctions should not be imposed. *Davila v. World Car Five Star*, 75 S.W.3d 537, 544 (Tex. App.—San Antonio 2002, no pet.).

It is true that the attorney's fees mandated under section 74.351(b) are sometimes referred to as sanctions. *See, e.g.*, *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009); *Fox v. Hinderliter*, 222 S.W.3d 154, 157-58 (Tex. App.—San Antonio 2006, pet. stricken). But whether we label the mandatory section 74.351(b) fees and costs as sanctions is irrelevant—the imposition of those fees does not require the same notice and hearing required before the imposition of rule 13 and chapter 10 sanctions. And unlike the rules and statutes governing sanctions, section 74.351(b) does not expressly refer to a party's attorney being responsible for the payment of the fees mandated by that section. Rather, by removing the phrase "against a claimant or a claimant's attorney" from the current statute, we believe the Legislature made the attorney's fee provision in section

7

74.351 more like an award of attorney's fees under the various statutes entitling prevailing parties to attorney's fees from the other party rather than a rule 13 or chapter 10 sanction. In other words, by amending section 74.351(b) to read like a statutory attorney's fees provision, we believe the Legislature intended for fees to be assessed against the claimant only, as is the case with all other attorney's fees statutes.[2] *See Marks*, 319 S.W.3d at 663; *see also* TEX. GOV'T CODE ANN. § 311.011(a).

In sum, reading the language of section 74.351(b) in context and giving effect to all of the words in the statute, we conclude that section 74.351(b) does not allow attorney's fees and costs to be assessed against the claimant's attorney.[3] *See* TEX. GOV'T CODE

---

[2] In his brief, citing *Hernandez v. Ebrom*, No. 13-10-00641-CV, 2011 WL 2739501 (Tex. App.—Corpus Christi July 14, 2011, pet. denied) and *Clinica Santa Maria v. Martinez*, No. 13-09-00573-CV, 2010 WL 2543943 (Tex. App.—Corpus Christi June 24, 2010, pet. denied), Garcia contends that this Court "has upheld § 74.351 attorneys' fees awards against the attorneys, as well as the claimants[,] in numerous cases." We disagree with Garcia's characterization of the holdings in these cases. In *Hernandez*, the issue before us was whether the defendant doctor had standing to appeal a judgment that assessed fees against both the claimant and the claimant's attorney; the doctor argued on appeal that the trial court erred in failing to assess all of the fees and costs against the claimant's attorney. 2011 WL 2739501, at *2-3. We held that the doctor had no standing to appeal the trial court's attorney's fees judgment as he was not harmed by the manner in which the court assessed the fees. *Id.* at *3. We drew no conclusions and issued no holding regarding the trial court's authority to assess fees against the claimant's attorney; that issue was not before us in the appeal. *Id.* at *2-3. In *Clinica Santa Maria*, we concluded, under article 4590i, the former medical malpractice statute, that the trial court did not abuse its discretion in not assessing fees against the claimant's attorney. 2010 WL 2543943, at *6. In so holding, we noted that the statute "gave the trial court the discretion with respect to whom the court should sanction" and that we would "not disturb the trial court's ruling with respect to who should pay the fees." *Id.* at *5. The statute to which we referred in *Clinica Santa Maria*, however, was the former statute that expressly provided for the assessing of fees against a claimant's attorney, and we cannot conclude that it precludes our holding in this case that the current statute allows the trial court no such discretion.

[3] In *Fulp. v. Miller*, we concluded, in relevant part, that the expert report filed by the claimant in that case was deficient and, accordingly, that the trial court erred in denying appellant's motion to dismiss the claim. 286 S.W.3d 501, 513 (Tex. App.—Corpus Christi 2009, no pet.). On appeal, appellant added the claimant's attorney as a party and asked that the Court assess section 74.351(b) fees against both the claimant and the claimant's attorney. *Id.* at 512. The claimant's attorney filed a motion to dismiss for lack of jurisdiction, arguing that the Court did not have jurisdiction over him because he was not a party to the underlying proceedings. *Id.* We granted claimant's attorney's motion, concluding that because the trial court had not yet entered an order dismissing the case, appellant's request for attorney's fees was premature and not ripe for our review. *Id.* at 513. In so concluding, we further noted the following:

> We express no opinion as to which party, [the claimant or the claimant's attorney], is responsible for the payment of an attorney's fees award once [the claimant]'s health care

ANN. § 311.011(a); *Entergy Gulf States*, 282 S.W.3d at 443; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). The trial court therefore erred in entering judgment assessing fees against Robinson. *See City of Garland*, 22 S.W.3d at 357. We sustain her appellate issue.[4]

### III. Conclusion

We reverse the judgment of the trial court assessing fees against Robinson and render judgment that Garcia take nothing from Robinson.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
14th day of June, 2012.

---

> liability claim is dismissed with prejudice for failure to timely serve a compliant expert report. That is a determination to be made by the trial court.

*Id.* at 513 n.7.

We believe that, when read in context with the preceding sentence in the footnote and the issues before the Court in *Fulp*, there is no conflict with our holding today. In *Fulp*, the issue of who is responsible for paying section 74.351(b) fees was not before the Court—the case had not yet been dismissed by the trial court and fees had not yet been awarded. *Id.* at 513. For these reasons, the fees and costs issue was premature, and we "expressed no opinion" on the matter. *Id.* at 513 n.7. In further noting that the issue of who is responsible for section 74.351(b) fees "is a determination to be made by the trial court," we were stating that the trial court must make a ruling on fees and costs before we could address the issue. In other words, by stating that it was a determination for the trial court, we did not intend to suggest that the issue was a discretionary one for the trial court under the statute; rather, we were merely stating that there was an outstanding ruling still to be made by the trial court before the issue of who is responsible for fees under the statute would be squarely before us on appeal. As such, we cannot conclude that our footnote in *Fulp* conflicts with our holding in this opinion that the current statute, as a matter of law, does not allow the recovery of fees and costs against a claimant's attorney, i.e., that it is not a discretionary matter for the trial court.

[4] Having sustained Robinson's issue on the foregoing grounds, we need not address her additional arguments that the judgment against her is void because she was never made a party to the case. *See* TEX. R. APP. P. 47.1.