

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00324-CV

**LAW OFFICES OF PRESTON HENRICHSON, P.C.**
a/k/a Law Offices of Preston Henrichson,
Appellant

v.

**STARR COUNTY HOSPITAL DISTRICT** d/b/a Starr County Memorial Hospital,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-12-246
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 25, 2014

REVERSED AND RENDERED

In this restricted appeal, the Law Offices of Preston Henrichson, P.C. ("Law Firm")

challenges the trial court's ruling that attorney's fees are recoverable under section 74.351of the

Texas Civil Practice and Remedies Code against a law firm that formerly represented a claimant

in a health care liability claim when the claimant fails to timely serve the defendant health care

provider with an expert report.  Because no timely expert report was served on the defendant Starr

County Hospital District, the trial court dismissed the underlying cause and awarded attorney's

fees against both the claimant, Elizabeth Gonzalez, and the Law Firm.  In addition to asserting the

statute permits the recovery of the attorney's fees only from Gonzalez, the Law Firm also asserts that notice was lacking and the evidence is insufficient to support the amount of attorney's fees awarded by the trial court. Because we hold the Hospital's motion did not assert a claim for attorney's fees against the Law Firm sufficient to put the Law Firm on fair notice of such a claim, we reverse the trial court's order and render judgment that no attorney's fees are recoverable against the Law Firm.

## BACKGROUND

The underlying lawsuit asserting health care liability claims against the Hospital was filed on May 11, 2012, thereby requiring the Hospital to be served with an expert report by September 10, 2012.[1] On July 17, 2012, the Law Firm filed a motion to withdraw. No hearing was held on the Law Firm's motion until August 20, 2012. The trial court took the matter under advisement and signed an order granting the motion to withdraw on September 6, 2012.

On September 25, 2012, the Hospital filed a motion to dismiss based on Gonzalez's failure to serve it with a timely expert report. In its motion, the Hospital requests that it "recover from Plaintiff reasonable attorney's fees." The certificate of service shows that the motion was served only on "Elizabeth G. Gonzalez, Pro Se." The Law Firm is not referenced at all in the motion or the certificate of service.

On October 1, 2012, the trial court signed an order setting the motion to dismiss for a hearing on October 31, 2012. Both the face of the order and the district court coordinator's cover letter show that only the Hospital's attorney and Gonzalez were sent a copy of the order setting the hearing. Only the Hospital's attorney appeared at the hearing and the only argument made by the Hospital's attorney at the hearing was the following:

---

[1] Because the 120-day deadline was on a Saturday, the deadline was extended to the next Monday. *See* TEX. R. CIV. P. 4; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2013) (establishing 120-day deadline).

MR. HOLE: Ronald Hole again on behalf of Starr County Hospital District. Your Honor, this is a medical negligence case. They had to produce an expert report within 120 days. This is the case also where the Plaintiff's attorney withdrew about a week before the deadline was due. Our position is really that the attorney should be responsible for the fees. They are not here today. We do have ready [sic] to prove up the attorney's fees. I think the safer course is to go ahead and dismiss the case with prejudice, and then set it for a hearing so they can be given notice so they can appear. I do have an order to that effect.

The trial court then signed the order dismissing the underlying cause and setting "a hearing to determine the amount of attorney's fees and costs to award" for November 27, 2012. The order, which the record establishes was prepared by the Hospital's attorney, shows copies were to be provided to Gonzalez, the Hospital's attorney, and the Law Firm. The district court coordinator's cover letter, however, establishes that the order was sent only to Gonzalez and the Hospital's attorney.

Again, the Hospital's attorney was the only one who appeared at the November 27, 2012, hearing. The Hospital's attorney provided the trial court with an affidavit of the attorney's fees that were incurred by the Hospital, and two letters showing that the Law Firm formerly represented Gonzalez in the cause. The Hospital's attorney then argued that the Law Firm was equally at fault in failing to timely serve the Hospital with the expert report and requested that the attorney's fees be awarded against both Gonzalez and the Law Firm. The Hospital's attorney then provided the trial court with a proposed order. The trial court took the matter under advisement.

The trial court subsequently signed an order granting the motion to dismiss and awarding the Hospital attorney's fees recoverable against both Gonzalez and the Law Firm. Like the earlier-signed order dismissing the case in October, the trial court's order was prepared by the Hospital's attorney and shows that a copy of the order was to be provided to Gonzalez, the Hospital's attorney, and the Law Firm. The district court coordinator's cover letter establishes, however, that the order was sent only to Gonzalez and the Hospital's attorney. Furthermore, although the preprinted date

on the order shows that it was signed on November 27, 2012, the district court coordinator's letter sending the copies of the order is dated January 2, 2013, which also is the date the order was filed with the district clerk's office. On May 22, 2013, the Law Firm filed its notice of restricted appeal.

## DISCUSSION

"To prevail on its restricted appeal, [the Law Firm] must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 30. Only the second and fourth elements are at issue in this appeal.

### A.    Party

The Hospital contends this court lacks jurisdiction over the Law Firm's appeal because the firm was not a party to the underlying lawsuit. The Law Firm responds that if it was not a party to the lawsuit, the trial court was without jurisdiction to enter the order against it. An award of attorney's fees under section 74.351(b) is considered an award of statutory sanctions. *See Crites v. Collins*, 284 S.W.3d 839, 843 (Tex. 2009) (referring to award of attorney's fees under section 74.351 as sanctions); *Fox v. Hinderliter*, 222 S.W.3d 154, 160 (Tex. App.—San Antonio 2006, pet. stricken) (concluding motion for a dismissal with prejudice and attorney's fees under section 74.351(b) is a motion for statutory sanctions). Because the trial court's order in this case awarded sanctions against the Law Firm, the Law Firm has standing to appeal the sanctions and is a party to the order for purposes of filing a restricted appeal. *See In re Estate of Velvin*, No. 06-13-00028-CV, 2013 WL 5459946, at *2 & n. 3 (Tex. App.—Texarkana Oct. 1, 2013, no pet.) (mem.op.)

(citing decisions from five intermediate appellate courts to support holding that an attorney has standing to appeal a sanctions order).

B.     Error Apparent on the Face of the Record

The Law Firm contends error is apparent on the face of the record because: (1) section 74.351 only authorizes the recovery of attorney's fees against the claimant, not the claimant's attorneys; (2) the Law Firm was without notice of any claim that attorney's fees could be recovered against it; and (3) the evidence is insufficient to support the amount of attorney's fees awarded. Because we hold that the Hospital's motion did not support an award of attorney's fees against the Law Firm and did not provide the Law Firm with fair notice of such a claim, we reverse the trial court's order on this ground and do not address the Law Firm's other contentions.[2]  *See* TEX. R. APP. P. 47.1 (opinion should address only those issues necessary for final disposition).

"[A] judgment must be supported by the pleadings and, if not so supported, it is erroneous." *Cunningham v. Parkdale Bank*, 660 S.W.3d 810, 813 (Tex. 1983).  Stated differently, "a party may not be granted relief in the absence of pleadings to support that relief." *Id*.  Requiring the judgment to be supported by the pleadings is based on the rationale that a party must have fair notice of the claims against it and the relief sought.  *Stoner v. Thompson*, 578 S.W.2d 679, 683-84 (Tex. 1979); *Binder v. Joe*, 193 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  An order that grants relief that is not supported by the pleadings violates the requirement of fair notice and contains error apparent on the face of the record.  *See, e.g., Hendley v. Lywiski*, No. 09-09-

---

[2] Although we reverse the trial court's order because of notice deficiencies, we note that in an earlier case counsel for the Hospital unsuccessfully presented the same legal arguments for the recovery of attorney's fees against the claimant's attorney. *See Robinson v. Garcia*, 398 S.W.3d 297 (Tex. App.—Corpus Christi 2012, pet. denied) (holding "section 74.351(b) does not allow attorney's fees and costs to be assessed against the claimant's attorney").  We express no opinion, however, as to whether this court would adopt our sister court's holding.

00485-CV, 2010 WL 4264251, at *5 (Tex. App.—Beaumont Oct. 28, 2010, no pet.) (mem. op.); *Binder*, 193 S.W.3d at 33; *McKnight*, 132 S.W.3d at 131-32; *Martinez v. Martinez*, 61 S.W.3d 589, 590-91 (Tex. App.—San Antonio 2001, no pet); *Caruso v. Krieger*, 698 S.W.2d 760, 762 (Tex. App.—Austin 1985, no pet.).

As the Law Firm asserts in its brief, "the text of [the Hospital's] motion to dismiss includes not even a hint that fees will be requested from" the Law Firm. As previously noted, the motion requests that the Hospital "recover from Plaintiff reasonable attorney's fees." Because the motion did not include a request for attorney's fees against the Law Firm, it failed to provide the Law Firm with fair notice of such a claim, making the trial court's order erroneous. Because this error is apparent on the face of the record, the Law Firm has established its entitlement to relief on restricted appeal.

CONCLUSION

The trial court's order is reversed, and judgment is rendered that no attorney's fees are recoverable against the Law Firm.

Catherine Stone, Chief Justice