

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-16-00265-CV

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST, 2007-HE3, ASSET BACKED CERTIFICATES, SERIES 2007-HE3

APPELLANT

V.

OHIO GRAVY BISCUIT, INC., AN OHIO CORPORATION, AS TRUSTEE FOR THE TEAL COVE 2007 LAND TRUST

APPELLEE

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 16-00399-393

----------

# MEMORANDUM OPINION[1]

----------

Appellant U.S. Bank National Association, as Trustee Successor in Interest to Bank of America, National Association, as Trustee as Successor by Merger to LaSalle Bank National Association as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I Trust, 2007-HE3, Asset Backed Certificates, Series 2007-HE3 (Bank) owned a deed of trust on property acquired by Appellee Ohio Gravy Biscuit, Inc., an Ohio Corporation, as Trustee for the Teal Cove 2007 Land Trust (Biscuit).

Biscuit sued under the Uniform Declaratory Judgments Act for a ruling that Bank's deed of trust had been discharged, filing an original petition and then a first amended petition. In both petitions, Biscuit asked the trial court to render judgment that the deed of trust claimed by Bank "has been discharged."

Biscuit moved for a no-answer default judgment, and the trial court entered a judgment in which it quieted title to the property in and to Biscuit and declared Bank's lien "void and is of no force and effect." The trial court further pronounced that Biscuit was the property's owner "and holds title thereto *not subject to any lien or encumbrance*, save for taxes and assessments." [Emphasis added.] Several months later, Bank filed a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c).

----

[1]*See* Tex. R. App. P. 47.4.

2

A restricted appeal is available to a party who did not participate in the hearing that resulted in the judgment complained of, provided that the party brings the appeal within six months after the trial court signed the judgment and that error is apparent on the face of the record. *Mandel v. Lewisville ISD*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied) (listing restricted appeal elements); *see* Tex. R. App. P. 30.

In its third point, Bank complains that the trial court erred by, among other things, ruling that the property was "not subject to any lien or encumbrances" when Biscuit failed to plead that there were no other liens or encumbrances.

A judgment must be based upon pleadings, and a plaintiff may not sustain a default judgment that grants relief in excess of that requested by him. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979), and holding that the trial court erred when it quieted title to the house in Johnson as against USNBA and thus granted more relief than Johnson had requested); *Binder v. Joe*, 193 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("By granting more relief than Danny requested in his petition, the trial court erred, and that error is apparent on the face of the record."). Accordingly, because the trial court granted more relief than Biscuit requested, error is apparent on the face of the record, and we sustain Bank's third point without reaching its remaining two points. *See* Tex. R. App. P. 47.1.

3

Having sustained Bank's third point, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.  *See* Tex. R. App. P. 43.2(d).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  SUDDERTH, KERR, and PITTMAN, JJ.

DELIVERED:  July 27, 2017

4